306 So.2d 367 (1975)
Regis BERGERON et ux., Plaintiffs and Appellees,
v.
EMPLOYERS-COMMERCIAL UNION COMPANIES et al., Defendants and Appellants.
No. 4819.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1975.
*368 Davidson, Meaux, Onebane & Donohoe by L. Lane Roy, Lafayette, for defendant-appellant.
Edwards, Stefanski & Barousse by Homer E. Barousse, Jr., Crowley, for plaintiff-appellee.
Before FRUGÉ, DOMENGEAUX and WATSON, JJ.
DOMENGEAUX, Judge.
This tort action arose out of a "trip and fall" accident which occurred on March 15, 1972, at the Ben Franklin Store in Church Point, Louisiana. PlaintiffMrs. Regis Bergeron, seeks damages for pain, suffering, and permanent disability caused by her fall. Regis Bergeron, as head and master of the community, claims medical expenses incurred as a result of the injuries to his wife. The defendants are M. S. Guidry, the owner of and doing business as Ben Franklin Store, and American Employers Insurance Co. (designated in the original petition as Employers Commercial Union Companies), the liability insurer of the store. From a judgment in favor of the plaintiffs, (in the sum of $2,000.00 plus medical expenses) the defendants have appealed.
On the aforementioned date Mrs. Regis Bergeron, a 69 year old resident of Acadia Parish, Louisiana, came to the Ben Franklin Store in Church Point to buy some small tomato and bell pepper plants for her home garden. After noticing several of the desired plants in small containers out in front of the store, Mrs. Bergeron went inside to ask the price from a clerk. She then went back outside the store to get the plants she wanted and immediately returned to the cash register area where she paid for them. The plants were then placed in a cardboard box (at least 12" high) and plaintiff started to leave the store. After taking several steps she fell to the ground near the entrance to the store.
A welcome mat or rug (approximately 3 feet × 6 feet × ½ inch) lay inside the store, immediately in front of the sole entrance thereto. The mat was composed in part of a rectangular rug or carpet which in turn had a rubber backing that extended some ½ inch around the entire outer edge of the mat. The mat was not glued to the tile floor lying underneath but instead was supposed to adhere to the floor due to suction caused by the rubber backing and the weight of the rug.
Plaintiff alleges that, unbeknown to her prior to the accident, the aforementioned rug had a slightly turned up edge on which she caught her left foot, causing her to trip and fall. Immediately following her fall Mrs. Bergeron stated that she noticed the rug was rolled up where she had tripped. No one, other than the plaintiff herself, saw the incident.
Mrs. Lilia Colligan, a store employee who same to the immediate aid of Mrs. Bergeron, testified she asked the plaintiff what had happened and the plaintiff replied she did not know. She further indicated that she looked at the rug immediately following the accident and that as far as she could tell the rug was not rolled or turned up on its edge, and instead looked like it was lying flat.
Mrs. Roderick Castille verified the fact that Mrs. Colligan had asked the plaintiff about the accident and that she (Mrs. Bergeron) had replied that she did not know what happened. She, however, did not notice the rug at this time.
It was also stipulated at trial that another employee, J. E. Latiolais, would testify the same as Mrs. Colligan.
M. S. Guidry, the store owner, also testified to the effect that, to the best of his knowledge, the rug was not damaged in any way and additionally that the rug was not supposed to be glued or adhesed to the floor.
The rug or mat was also introduced at trial and viewed by the district judge. The rug was brought into the court room *369 in a rolled up fashion and thereafter unrolled for observation.
As a result of the aforementioned fall plaintiff sustained a comminuted fracture of the left radius and it was stipulated at trial that any award for damages which Mrs. Bergeron might be entitled to should be limited to a sum not less than $2,000.00 or more than $2,500.00. The medical expenses were also stipulated to be $649.63.
Three issues are presented on this appeal: (1) Was plaintiff's fall due to a defective or dangerous condition on the store premises? (2) If so, was there negligence on the part of the store owner in regard to the duty owed to the plaintiff as a business invitee? (3) If negligence is found, was the plaintiff contributorily negligent?
Herein, the trial judge, who heard and saw the witnesses and the evidence (particularly the rug in question), concluded that a defective condition existed on the store premises, i. e. a welcome mat or rug, one side of which "did not lay flat but protruded upward in such a manner as could cause a trip or fall" (quoting from reasons for judgment). He further found that plaintiff's version of the accident as to how it happened was not contradicted or even disputed by any of defendants' witnesses.
This being entirely a factual question, under the circumstances we cannot say the district judge was manifestly erroneous in reaching such a conclusion.
We have also examined the mat in question. On some portions of its outer edge the rubber backing seems to have lost, from use, some of its rigidity which allows it to lay flush against the floor. As a result, as pointed out by the trial judge, some portions in fact are not flat or flush against the floor. In our opinion such condition was not caused by rolling the rug up and transporting it to the various Courts.
On the question of negligence, the rules concerning cases of this type, the responsibilities of storekeepers, and the burdens imposed on plaintiffs have been stated many times. As set out in Benoit v. J. Weingarten, Inc., 265 So.2d 839 (La.App. 3rd Cir. 1972), quoting from Broussard v. National Food Stores of La., Inc., 233 So. 2d 599 (La.App. 3rd Cir. 1970):
"[1] A store proprietor is not an insurer of the safety of his patrons. He does, however, owe an affirmative duty to his customers to use ordinary care to keep his aisles, passageways, and floors in a reasonably safe condition.
The duty to use reasonable care extends to every hazard which creates an unreasonable risk of foreseeable harm to his store invitees. This duty includes reasonable inspection of the premises for defects and obstructions to passageway, and reasonable warning of perils which the customers may not see through the exercise of ordinary care. (In this latter regard, it must be taken into consideration that the invitee's attention may be distracted by the advertising and merchandise along the passageways or by the crowded condition of the premises.)
In determining this duty, consideration must be given to several factors, including the nature of the premises, the business purposes for which it is used, the volume of business, the likelihood that the passageway may become obstructed through shopping activities of employees and other customers, and the nature of the obstacle.
In order to impose liability on the store operator, an injured customer must prove by a preponderance of the evidence that a dangerous condition which caused injury to him: (1) was created by the storekeeper himself (or some person for whom he is legally liable); or (2) either (a) was actually known to the storekeeper or his employees or (b) had existed for a sufficient length of time for the storekeeper to have constructive knowledge of it (i. e., that its presence *370 should have been discovered through the exercise of reasonable care)...."
As aforementioned, the trial judge found that the welcome mat presented a dangerous or defective condition to shoppers. The store owner and his employees all testified to the effect that they did not know the rug was turned up on one of its edges or defective in any way. Thus, in order to hold the defendants liable we must find that its presence should have been discovered through the exercise of reasonable care. The mat or rug in question had been on the floor about one or two years. Each morning it was taken outside, swept off, and returned to its place at the entrance inside the store. The mat was in a portion of the store over which every customer would walk (coming into the store and leaving therefrom). Therefore if such an obstruction existed, as found by the trial judge, this created an unreasonable risk of foreseeable harm to the store customers. If the defendant-store had employed proper procedures for placement and replacement of the mat after cleaning, as well as a visual examination thereof, the store owner or its employees would or should have known of the hazardous condition of the mat. Under the circumstances presented the trial judge found the store owner to be negligently lax in the duty owed the plaintiff. We cannot say that he erred in so finding. See Tripkovich v. Winn-Dixie Louisiana, Inc., 284 So.2d 80 (La.App. 4th Cir. 1973), writ denied 286 So.2d 663 (La. 1973); Chauvin v. United States Fidelity & Guaranty Co., 223 So.2d 441 (La.App. 3rd Cir. 1969), writ denied 254 La. 790, 226 So.2d 921 (1969).
Defendants argue, in the alternative, that despite their alleged negligence, the plaintiffs cannot recover due to the contributory negligence of Mrs. Bergeron.
An invitee is held to see obvious and ordinary dangers, normally observable by a reasonably prudent person. The nature of the danger or obstacle is always a factor in determining whether it should be expected. As a general rule, however, a customer can rely on the passageway being reasonably safe and does not have to observe floor conditions before taking each step. Chauvin v. United States Fidelity & Guaranty Co., supra (and cases cited therein).
Herein the plaintiff left the cash register area, turning and taking only a few steps toward the front door of the store, while carrying a box of plants in front of her. Given the short distance between the purchasing area and the mat lying in front of the entrance (no more than 3 feet), in addition to the fact that plaintiff's arms were full, it is quite obvious and foreseeable that she would have been looking toward the front door as she approached it. Under these facts the trial judge evidently found that the turned up portion of the mat was not such a condition as could and should have been seen or discovered by Mrs. Bergeron. We likewise find no manifest error in this conclusion.
For the above and foregoing reasons the judgment of the trial court is affirmed at defendants-appellant's costs.
Affirmed.