338 So.2d 726 (1976)
Walter J. MOLAISON et al.
v.
WEST BROTHERS OF THIBODAUX, LOUISIANA, INC., et al.
No. 10896.
Court of Appeal of Louisiana, First Circuit.
September 20, 1976.
*728 Sidney A. Ordoyne, Jr., Thibodaux, for plaintiffs and appellees.
Wood Brown, III, Montgomery, Barnett, Brown & Read, New Orleans, for defendants and appellants.
Gerard M. Dillon, Dillon & Williams, New Orleans, for third party defendant and appellee.
Before LANDRY, BLANCHE and LOTTINGER, JJ.
BLANCHE, Judge.
Defendants-appellants, West Brothers of Thibodaux, La., Inc., West Brothers of DeRidder, La., Inc., and their insurer, Casualty Reciprocal Exchange, appeal the trial court judgment in this premises liability case which ordered them to pay $1,767.76 to plaintiff-appellee, Walter J. Molaison, and $18,000 to plaintiff-appellee, Mrs. Walter J. Molaison, plus legal interest from date of judicial demand until paid. Mrs. Molaison answered the appeal seeking an increase in her award. We affirm.
On April 15, 1972, seventy-two year old Mrs. Molaison entered West Brothers' department store in the Nicholls Shopping Center, Thibodaux, Louisiana, to make purchases therein. She was accompanied on the trip by her husband, Walter; her grandson's wife, Cheryl Mahler; and two small grandchildren.
As Mrs. Molaison and her party approached the front door of the store, they began conversing with two friends, Barbara Ann Hebert and Margery Delatte. Immediately after entering the store, Mr. Molaison began helping Cheryl Mahler load the grandchildren into a rolling shopping basket while Mrs. Molaison continued talking with Miss Hebert and Mrs. Delatte.
At that point, Mrs. Molaison's left foot was resting on a rubber base floor mat with carpet upper, of the type generally used to trap dust, et cetera, at the entrance to commercial establishments. Her right foot was on the bare floor.
As the group prepared to proceed to the store's shopping area, Mrs. Molaison turned to follow. However, after apparently pivoting on her left foot, her right foot went underneath the floor mat and she fell to the floor. None of the witnesses actually saw her foot go underneath the mat, but it was established that immediately after the fall, as Mrs. Molaison lay on the floor, her left foot was on top of the mat and her right foot was underneath.
As a result of the fall, Mrs. Molaison sustained a fracture of the right hip which was repaired by open reduction, internal fixation with a Smith-Peterson mail and Thornton plate. She was hospitalized for approximately two weeks and remained in bed at home for almost one year thereafter. With the aid of a walker and crutches, she was able to walk again at the time of the trial.
Walter Molaison, as head and master of the marital community, brought the instant suit against West Brothers for the expenses occasioned by the accident. Mrs. Molaison joined in the suit seeking damages for her personal injuries. The basis of plaintiffs' suit was that the mat was not lying flat on the floor, and because of the uneven and irregular condition thereof, Mrs. Molaison tripped and sustained the injuries complained of.
West Brothers, in turn, instituted a third party demand against Red Stick Linen Service, the supplier of the floor mat, seeking indemnification for any amount that it might be required to pay to the plaintiffs.
Without recorded reasons, the trial judge held West Brothers liable to the plaintiffs and dismissed their third party demand against Red Stick. West Brothers has appealed both the finding of liability and the dismissal of their third party demand.
Although no reasons were given by the trial judge, we must assume that he found the facts to be those presented by the plaintiffs, since judgment was rendered in their favor. The standard for our review of those finding is set forth in Canter v.
*729 Koehring Company, La., 283 So.2d 716 (1973), as follows:
"When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts." (Canter v. Koehring Company, 283 So.2d at 724)
An examination of the record reveals ample evidence to support a finding that the floor mat caused Mrs. Molaison to fall and injure herself.
It is uncontested that Mrs. Molaison came to rest, immediately after falling, with her right foot underneath the mat and her left foot on top. It would be virtually impossible for the aforementioned to have occurred if the mat were lying flat upon the floor as contended by West Brothers.
Neither Mrs. Molaison nor any of the witnesses noticed the condition of the mat prior to the accident, and, consequently, the plaintiffs could not prove by direct testimony that a dangerous situation existed at the time Mrs. Molaison attempted to walk across the mat. However, there was evidence presented which established that the rolling of shopping baskets through the doorway and over the mat sometimes caused it to become dislodged, thereby creating a dangerous condition.
Mrs. Molaison, in her deposition, clearly stated that the mat caused her to fall because her right foot went underneath it. West Brothers did not attack her credibility, nor could they produce another plausible version of the event since no one saw what happened until the plaintiff was lying on the floor.
It was also established that even though Mrs. Molaison was seventy-two years old at the time of the accident, she was steady on her feet and did not require a walking cane or other device to aid her in walking. Therefore, we assume she did not fall due to her own infirmity.
In view of the testimony of Mrs. Molaison and the corroborating circumstances, we cannot say that the trial judge was manifestly erroneous in believing that the mat in question caused the plaintiff to fall.
We utilize the duty-risk analysis to determine whether West Brothers is liable for her injuries. Louisiana Civil Code Articles 2315 and 2316. See, also Shelton v. Aetna Casualty and Surety Company handed down on June 21, 1976, Louisiana Supreme Court, 334 So.2d 406.
A store proprietor is not an insurer of the safety of his patrons but does owe an affirmative duty to use ordinary care to keep the premises, including the floors, in a reasonably safe condition, Bergeron v. Employers-Commercial Union Companies, 306 So.2d 367 (La.App. 3rd Cir. 1975). In other words, the proprietor is held to the standards of reasonable men in view of the probability of injury to others, Shelton v. Aetna Casualty and Surety Company, supra.
In determining the duty owed, we look to several factors, including the nature of the business and premises, the volume of business and the type and likelihood of the risk that occurred. Bergeron, supra. Because of the many patrons and shopping carts which pass through the doorway and across the mat daily, the probability that the subject mat would become dislodged and create a hazard to the patrons of this *730 store was great. Since the risk was great, West Brothers owed a correspondingly high duty to protect its invited customers, including the plaintiff herein, from injury.
Regarding West Brothers' attempt to fulfill its duty to the plaintiff, the manager of the store at the time of the accident, James Cooley, testified that all of the store's employees were instructed to notify the management the moment a hazardous condition developed anywhere on the premises. The store's porter was also instructed that he was to watch the floors for potential problems in addition to his other duties.
Nevertheless, the procedure employed by West Brothers to discover or protect against the dangerous condition which might be created by the mat was obviously inadequate since Mrs. Molaison was injured. Under the facts presented, the trial judge evidently found that West Brothers breached its legal duty to the plaintiff by failing to prevent her injury and we cannot say that he erred in so finding.
West Brothers has also appealed the dismissal of its third party demand for indemnity against Red Stick, the supplier of the subject mat. If a defective mat was, in fact, supplied to West Brothers and that defect was the cause of Mrs. Molaison's injuries, then surely Red Stick would be liable for all or a portion of her damages.
However, West Brothers failed to prove that the mat in question was defective when supplied to them, or that it was otherwise inadequate for the job for which it was intended. By dismissing the third party demand, the trial judge obviously concluded that this accident was the sole responsibility of West Brothers. The record amply supports this finding and it will not be disturbed on appeal.
Mrs. Molaison answered the appeal, seeking an increase in the $18,000 in damages awarded to her by the trial court. There has been no appeal or answer concerning the award of special damages to Mr. Molaison as head and master of the marital community and, therefore, the only issue before this court is the adequacy of the award to Mrs. Molaison. LSA-C.C.P. Art. 2133; Shelton v. Aetna Casualty and Surety Company, supra.
The record discloses that this seventy-two year old plaintiff was hospitalized for approximately two weeks following her operation and then convalesced uneventfully at home. She was confined to bed for almost one year before she could resume walking with mechanical aids. The record discloses that she suffered a moderate amount of pain in conjunction with her injury and operation, and we can assume that because of her age she will continue to experience some discomfort and disability. The award of $18,000 for general damages reveals no abuse of the great discretion which is accorded to the trier of fact in such cases. Weiland v. King, La., 281 So.2d 688 (1973); Miller v. Thomas, 258 La. 285, 246 So.2d 16 (1971).
For the above and foregoing reasons, the judgment of the trial court is affirmed, at appellants' cost.
AFFIRMED.