REDMANN, Judge.
Plaintiff, pushing a shopping cart, tripped and fell on a mat just as she entered the defendant’s store. The question is whether the evidence supports a conclusion of causative fault on the part of defendant. We conclude that it does.
The only eye-witness testified “When she [plaintiff] was falling I looked, and her foot was under the rug. . .. [H]er foot got caught under the rug.” That evidence supports an inference that the mat was not lying flat.
Defendant argues that such an inference is impermissible because elsewhere that witness indicates the rug was “flat.” Defendant emphasizes the same witness’s (1) having stricken through a typewritten statement the words “is not level” from the sentence “The rug or carpet is not level with the entryway, that is to say it is slightly elevated, and the lady ahead of me caught her foot on the edge of it and this caused her to stumble and to fall,” and (2) having written at the end of the statement “The Rug is Flat Has Rubber Base I said. She slid’s Her Foot When she Walk and that cause her to tilt the Rug and Fall.”
Notwithstanding that defendant’s inference is not an unreasonable one, we cannot substitute other reasonable inferences for a reasonable one that the trial judge adopted, Canter v. Koehring Co., 283 So.2d 716 (La. 1973).
The trial judge’s factual inference is reasonable because that witness does testify that plaintiff caught her foot “under the *794 rug,” and one may infer that the obviously unsophisticated witness was unsure of the meaning of the statement’s “is not level with the entryway” (defense counsel concedes that that phrase is correct in that no mat lying atop a level floor is level with the floor itself); and to say “the Rug is Flat” in that context is not the same thing as saying that the rug was lying completely flat. Furthermore, because that witness was behind plaintiff and her vision presumably partially obstructed by plaintiff, one may doubt that she could have seen every inch of the 72-inch width of the mat, and especially the portion immediately in front of plaintiff and thus in plaintiff’s path. It is thus not unreasonable for the trial judge to infer that plaintiff’s “foot got caught under the rug,” as the independent witness testified, because the mat was not lying flat— because some rise in the mat’s leading edge allowed plaintiff’s shuffling foot to go beneath the mat and caused her to trip.
As part of the general duty to keep aisles, passageways and floors in safe condition, Kavlich v. Kraemer, 315 So.2d 282, 283 (La.1975), there is a duty upon a self-service store that places mats at its entrance, owed to patrons entering with shopping carts, to have a mat that lies flat (even as many patrons and carts pass over it) so that a patron’s foot will not catch under some rise in the mat, causing him or her to fall. The fact that plaintiff “shuffled” her feet (rather, one understands, than lifting them fully clear of the floor) is no defense; a foot lifted high must return to the floor in a forward motion and could also be caught under an elevated edge of a mat. We thus conclude that plaintiff’s shuffling is not established as a cause-in-fact (a “but for”) of the accident.
A thorough analysis of a storekeeper’s duty in respect to mats is provided in Molaison v. West Bros. of Thibodaux, 338 So.2d 726, 730 (La.App. 1 Cir. 1976), whose final reasoning we find applicable: “the procedure employed ... to discover or protect against the dangerous condition which might be created by the mat was obviously inadequate since [plaintiff] was injured.”
Defendant’s argument that the mat was not proven defective does not dispute the fact that the mat was not flat, reasonably inferred from the quoted testimony (not divergent from the witness’s deposition that “shuffling .. . caused her to fall, her feet got caught on that mat”). The mat may well not have been defective but the record supports the inference that the premises were.
Affirmed.