SEXTON, Judge.
The plaintiffs, husband and wife, appeal a judgment in which their demands for damages for personal injuries were rejected. In this slip and fall case the trial court found that neither of the defendants, Howard Brothers Discount Stores, Inc., or Mid-South Linen and Uniform Service, was negligent. The trial court further held that plaintiff-wife’s contributory negligence barred her recovery. We affirm.
On February 21, 1976 appellant, Gerthia Mae Martin, entered the Howard Brothers Discount Store in Columbia, Louisiana. Just inside the threshold the appellant fell and injured her knee, contending that she tripped over a wrinkled rug or mat located just inside the entrance of the store. Howard Brothers kept a rug near the entrance to increase the safety of the entrance by removing moisture and debris from the shoes of customers as they entered the store. The defendant, Mid-South Linen and Uniform Service, was the supplier of the rug. Plaintiff alleges that the defendants created a hazard by allowing wrinkles or folds to exist in the mat. It should be noted that appellant testified that she did not see any wrinkles or even the rug prior to the fall. She testified that she was not looking down but rather, was looking ahead, her thoughts transfixed on her intended purchases. Only her ten year old daughter saw the appellant fall. Further, the appellant bolsters her account of the incident by stating that her daughter removed the appellant’s shoe from under the rug after the fall. The daughter who was 12 years old at the time of trial was not called as a witness.
This is our second occasion to review this cause. Originally the case was heard as a bifurcated trial by agreement between the parties and the trial court. The trial court found the defendants not negligent and the plaintiff guilty of contributory negligence, therefore the issue of damages was not reached. On appeal this court concluded that such a procedure was inappropriate and remanded the cause without reaching the merits of the trial court’s determination on the issue of liability.
The trial court on remand heard testimony as to damages but adhered to its original findings. The plaintiffs now appeal this finding.
In its written reasons for judgment, the trial court stated:
“. .. plaintiffs have failed to establish by a preponderance of the evidence a wrinkle in the floor mat that would have *633 created a dangerous condition, thus shifting the burden of proof to the defendants. On the contrary, I am of the belief that there was no actionable negligence on the part of either defendant and that were this the ease the plaintiff, Mrs. Martin, by her own actions and inattentiveness, would have been held to be guilty of contributory negligence.”
The trial judge based his findings on (1) the failure of the plaintiff to call plaintiff’s daughter who was the only witness to the fall and the condition of the rug, (2) a showing by defendant that had the rug been wrinkled the door would not have opened over it, (3) the plaintiff’s own statement that she did not see the rug or any wrinkles in it before her fall, and (4) the increased duty to be observant that one owes when entering doorways and crossing over thresholds due to common knowledge that at such places uneven floors are often encountered.
Plaintiffs rely heavily on Molaison v. West Brothers of Thibodeaux, 338 So.2d 726 (La.App. 1st Cir. 1976), contending that it is directly on point. However, important differences exist. In Molaison a customer tripped on a rug at the entrance of the store injuring herself. No witness could be found as to the condition of the rug immediately prior to the plaintiff’s fall. In an opinion issued without recorded reasons, the trial court found the defendant store negligent and dismissed the store’s third party demand against the supplier of the mats. The Court of Appeal reviewed this record and applying the standards of manifest error espoused in Canter v. Koehring Co., 283 So.2d 716 (La.1973), found that the decision of the trial court was based upon its reasonable evaluation of the evidence produced at the trial and that the court’s findings in light of the evidence was not manifest error. In Molaison the plaintiff established that the high traffic of customers and carts through the entranceway could cause this rug to wrinkle and that on occasion the rug did become dislodged. Further plaintiffs showed that the lack of reasonable precaution against such wrinkles of the rug constituted negligence on the part of the defendant store.
In the case presently before us the plaintiffs did not produce any such evidence. Defendant’s employees, however, testified that the rug was not wrinkled before or after the incident and that the door would not open if the rug had been wrinkled. A further consideration by the trial court was the failure of the plaintiff to call her only witness to the incident, the plaintiff’s 12 year old daughter. Such failure to produce a witness who has special knowledge essential to that party’s cause when such witness is available and under the party’s control raises the presumption that the witness’ testimony would be detrimental to this party’s cause. Veillon v. Sylvester, 174 So.2d 189 (La.App. 3rd Cir. 1965).
The trial court’s conclusions on the issue of negligence are supported by competent evidence and are not shown to be manifestly erroneous. Absent such a showing, this .court will not disturb those findings. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Canter, supra.
For the reasons assigned the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.