454 So.2d 181 (1984)
Katherine A. BARBAY
v.
AETNA CASUALTY & SURETY CO., G.K. Technologies Sperry Rail Services Division, A Subsidiary of Automation Industries, Sentury Insurance Company & Missouri Pacific Railroad Company.
No. 83 CA 0895.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
Rehearing Denied August 24, 1984.
*183 James H. Dupont, Plaquemine, for Katherine A. Barbay.
Richard Creed, Jr., Boris F. Navratil, Wm. F. Janney, Anthony J. Clesi, Jr., Baton Rouge, for defendants.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
LOTTINGER, Judge.
Plaintiff was injured when she alighted from an automobile being driven by her husband, fearing that the auto was about to be struck by a railroad car. The incident occurred on August 9, 1980 at the intersection of LaBauve Street and Railroad Avenue in Plaquemine, Louisiana. Railroad Avenue runs north to south and is separated by a middle-ground occupied by a railroad track owned by the Missouri Pacific Railroad Company.
Plaintiff and her sister-in-law, Emma Jo Williamson, were passengers in the car being driven by plaintiff's husband. Plaintiff's husband was attempting to cross Railroad Avenue driving west on LaBauve. Shortly before the incident a special motorized car, containing electronic testing equipment designed to test the track for faults, had passed through the crossing at LaBauve Street and Railroad Avenue. The testing car was owned by G.K. Technologies *184 Sperry Rail Services Division, a subsidiary of Automation Industries (Sperry). The Sperry car had been traveling south, but at the time of the plaintiff's accident the Sperry car was being backed north to investigate a defect which the equipment had located several hundred feet south of the crossing at LaBauve Street.
Plaintiff's husband had stopped at a stop sign at the east edge of Railroad Avenue. He proceeded to cross Railroad Avenue after having seen the Sperry car south of where he was traveling. The motorist in front of plaintiff's husband stopped to allow some southbound traffic on Railroad Avenue to pass. The car in which plaintiff was a passenger stopped on top of the railroad crossing track. While plaintiff was stopped on the track the Sperry car at that time had stopped and began backing up to investigate the defect in the track. Ultimately plaintiff's husband became disturbed by the sight of the Sperry car moving toward him and began blowing his horn to either alert the Sperry car operator or the driver of the car in front of him as to his plight on the track. On hearing her husband blowing the horn, plaintiff, who had been turned in the opposite direction conversing with her sister-in-law in the back seat looked up and seeing the Sperry car, panicked, and in jumping out to escape managed to fall and break her hip.
After denying defendant's motions for directed verdicts, the case went to the jury for determination on the issues of the negligence of plaintiff's husband for stopping on the track as a proximate cause of plaintiff's injuries; the negligence of the Sperry crew in the operation of the testing car; and the negligence of the Missouri Pacific Railroad Company in not adequately warning of the approach of the Sperry car by means of flashing lights or flagman.
The jury returned verdicts finding Mr. Barbay 15% at fault, Sperry 46% at fault; and Missouri Pacific 39% at fault and awarded damages to plaintiff in the amount of $165,100.
The Missouri Pacific Railroad Company, Sperry and its insurer, Aetna, have appealed the judgments based on their respective percentages of fault. The plaintiff has answered the appeal seeking to have the amount of the judgment increased.

ASSIGNMENT OF ERROR NO. 1
This error complains about the jury's failure to assess any culpability to plaintiff in causing her own injuries.
Shortly before the accident plaintiff was turned to the right and away from the oncoming Sperry car. She was only made aware of the predicament upon hearing the car horn being blown by her husband. When plaintiff questioned her husband as to the reason for the continuous horn blast he replied that the train was going to hit them. Although, as pointed out by defendants, the other occupants did not hastily take action similar to that of the plaintiff, it cannot be said that the jury clearly and manifestly, erred in not assigning any degree of fault to plaintiff for her conduct.
A person acting in an emergency situation is allowed behavior that is below that required of a reasonable person under normal circumstances, regardless if that person may have subsequently and upon cool reflection realized that he failed to act reasonably. Hickman v. Southern Pacific Transport Company, 262 So.2d 385 (La. 1972).
In the instant case the Sperry car had gone past the suspected defect approximately three to four rail lengths, each rail being thirty-nine feet in length. The defect itself was only two rail lengths or approximately eighty feet from the crossing. The Sperry car itself is sixty-two feet in length and eighteen feet in height. The plaintiff may have been startled by the sheer size of the Sperry car in relation to its distance away from the crossing. A crewman employed by Sperry testified that in fact the Sperry car was only approximately ten to thirty seconds away from hitting the car in which plaintiff rode. Therefore, we cannot say the jury was in error in not assessing a percentage of fault to plaintiff.

*185 ASSIGNMENT OF ERROR NO. 2
In this assignment defendants argue the jury erred in assessing Mr. Barbay's culpability at only 15%.
Mr. Barbay is a resident of Plaquemine and fully aware of the nature of this particular crossing. He was also aware of the presence of the Sperry Car and that he may have to stop his automobile on the crossing.
We are of the opinion that the jury, as the trier of fact, was not clearly in error in assessing the percentage of fault attributable to Mr. Barbay at only 15%. The jury is given great leeway in assessing the degrees of fault attributable to the parties in comparative negligence cases and should not be overturned on appeal without a clear showing of error.

ASSIGNMENT OF ERROR NO. 3
The defendant, Missouri Pacific, argues that the trial court erred in instructing the jury that a warning concerning the movement of the Sperry car was legally required.
La.R.S. 32:168 outlines the duty incumbent upon the railroad when approaching a crossing. The statute states, in part, that a bell is to be rung or a whistle is to be blown commencing at a distance of 300 yards from the crossing until the crossing is reached, unless the distance from the crossing and the start of that movement or the distance between the crossings is less than 300 yards, in which case the warnings should be sounded for the lesser distance.
The statute, however, does not specify whether or not the warning signal is only to be given when the crossing is going to be passed, or whether a train operator intends simply to travel toward a crossing. The situation with which we are presented does not lend itself easily to a strict interpretation of La.R.S. 32:168. Here we are concerned with a situation in which the operator of the Sperry car had no intention to actually pass through the crossing a second time.
The use of a bell or whistle in this instance would have certainly given plaintiff the wrong intent of the approaching Sperry car. By blowing the whistle continuously as outlined by the statute the occupants would have been given the indication that the Sperry car was surely going to travel through the crossing. The blowing of the whistle in accordance with the statute would lead to the same type incident that we have in this case by conveying an incorrect message to the occupants stranded upon the tracks.
We are of the opinion that the trial court was incorrect in instructing the jury that it was their legal duty to find that it was the responsibility of the railroad to give sufficient warnings to motorists based upon these facts and using La.R.S. 32:168. However, we do find that the railroad does owe a motorist a duty to take precautions in such situations which are reasonably effective to inform him that the train is merely approaching a crossing but not traversing it. This rule may be adequately addressed by placing a flagman at the crossing to wave cars through the crossing safely until the danger is over. We do not want to give the impression that this is the only reasonable means by which the problem can be handled effectively. We are merely presenting one solution which would be effective and is fair to those parties faced with similar circumstances.
Although the jury was misinstructed as to what the railroad company's legal duty was, they did however reach the correct decision concerning the standard of care reasonably expected of the railroad in light of the evidence presented. Therefore we see no reason to upset the jury's verdict with respect to each defendant's liability.

ASSIGNMENT OF ERROR NO. 4
In this assignment defendant, Missouri Pacific, argues that the trial court erred as a matter of law in not directing the jury to find, that the absence of electric warning lights or a flagman at the crossing could not be deemed a proximate cause of plaintiff's injuries.
*186 We are of the opinion the judge was correct in not so instructing the jury. It is the proper duty of the jury as the trier of fact to pass on the credibility of witnesses and to arrive at a conclusion based upon the facts which could be controverted and are conflicting. La.Code Civ.P. art. 1732; Morel v. Highline Construction Co., 339 So.2d 1324 (La.App. 1st Cir.1976); Valentine v. J.D. Marcom Service and Supply Company, 128 So.2d 218 (La.App. 2nd Cir. 1960). The evidence was not clear as to whether the signal lights were operating at the time of the accident. The jury may well have determined that the warning lights were in fact not operational. Considering the fact that the train had already passed through the crossing, the jury may have considered that the lack of electric warning lights or a flagman signaling traffic safely through the crossing was negligence. It is the jury's duty as trier of fact to determine whether the absence of warning lights or a flagman at the crossing was a proximate cause of plaintiff's injuries.

ASSIGNMENT OF ERROR NO. 5
Defendant, Missouri Pacific, argues the trial judge erred in excluding the testimony of a witness whose identity had not been discovered until shortly before trial.
The excluded witness was an employee of the Missouri Pacific Railroad Company who was not listed on the pre-trial order, nor mentioned in any of the discovery depositions taken in the two and one-half years prior to trial. The witness was said to be following the testing car some distance up the track. During discovery the defendants were particularly asked for names and addresses of all of the Missouri Pacific Railroad Company employees working on or with the train involved in the accident. Further they requested a list of any other witnesses to the accident.
The excluded witness' brother, also a Missouri Pacific Railroad Company employee, was deposed and stated that there were no rail cars following the Sperry car and never mentioned his brother's name during the deposition. Another witness employed by Sperry also stated that no other rail car was following the Sperry car.
The pretrial order controls the subsequent course of action unless it is modified at trial to prevent manifest injustice. Sibley v. Menard, 398 So.2d 590 (La. App. 1st Cir.1980), writ denied 400 So.2d 211 (1981). In refusing to modify the pretrial order the trial judge has much discretion. Sibley, supra.
An orderly disposition of each case and of the entire docket and the avoidance of surprise are sufficient reasons for not allowing a change from the pre-trial order. Avondale Shipyards, Inc. v. Larose Shipyard, Inc., 289 So.2d 192 (La.App. 1st Cir. 1973).
In giving its reasons for denying a change of the pre-trial order to include the newly discovered witness the trial court stated that it believed to allow the witness to testify would confuse the jury and would not be in the interest of an orderly procedure. The trial court's ruling was not clearly in error, therefore, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 6
Defendant, Sperry Rail Services, argues that the jury erred in finding them 46% at fault and Missouri Pacific not more than 39% negligent.
Sperry specifically makes reference to the contract between them and Missouri Pacific. The contract provides that Sperry Rail Services is offering a service to Missouri Pacific to test its rails for defects. Sperry agreed to furnish at its own expense "... all persons, power, materials and supplies ..." to operate the equipment. The Missouri Pacific agreed to furnish employees necessary for the "... expeditious movement and safety of Sperry equipment while the same is in transit or being operated upon its lines, to supply all services and materials required for safety of operation...".
This suit does not involve damage to either Sperry or Missouri Pacific equipment *187 or employees. The damage complained of was occasioned by a third person not privy to the contract. The contract between Sperry and Missouri Pacific is silent as to who is liable for damages to third persons.
After examining the contract the jury may have believed the operation of the train was a joint responsibility of Sperry and Missouri Pacific. The testimony in the case revealed that in fact the Missouri Pacific conductor was as integral a participant in the operation of the train as was the operator employed by Sperry. The record also reflects that employees of both Sperry and Missouri Pacific saw that plaintiff's car was in peril on the crossing just before plaintiff bounded from the car. The record reflects, as previously discussed, that the Sperry car was a matter of 10-30 seconds away from impact with the Barbay vehicle. Considering the short distance between the defect and the crossing the jury may have felt it negligent on the part of the employees of Sperry in not taking some reasonable action in conveying to plaintiff that a collision was not imminent.
Without a clear showing that the jury was in error this court will not alter the percentage of fault apportioned to Sperry. This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 7
Defendant, Missouri Pacific, argues that the quantum award of damages is excessive. The jury in this case awarded plaintiff the sum of $165,100 in damages including $15,600 in lost wages, $16,500 in past medical expenses, $125,000 in general damages, $3,000 for loss of future wages and $5,000 for future medical expenses.
Plaintiff answered the appeal seeking an increase in damages. Plaintiff bases an increase in the award on the fact that the jury awarded the minimum amount regarding medical expenses, lost wages, and general damages.
Mrs. Barbay was 53 years old at the time of the accident. She sustained a fracture through the neck of the femur which was successfully treated by the insertion of a hip nail. She did well after surgery, developed no complications and was discharged from the hospital after approximately two weeks. Her period of convalescence lasted for about six months, first in a wheel chair and then in a walker. Eight months following the accident she was released to return to work. The treating surgeon testified that she had a 25% permanent disability in the left lower extremity and that a second operation would be necessary to remove the hip nail which was causing her some discomfort.
A jury verdict will not be overturned unless it was manifestly erroneous. Babin v. St. Paul Fire and Marine Insurance Company, 385 So.2d 849 (La.App. 1st Cir.1980); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Both defendant and plaintiff have cited cases which involve injuries similar to plaintiff's. Reinhard v. City of New Orleans, 371 So.2d 286 (La.App. 4th Cir.1979); Molaison v. West Brothers of Thibodaux, Louisiana, Inc., 338 So.2d 726 (La.App. 1st Cir.1976); Gordon v. General Motors Corporation, 323 So.2d 496 (La.App. 3rd Cir. 1975). Each of the cases involved awards which were substantially less or in excess of that which were awarded to the plaintiff in the present case.
Jury awards for an injury similar to plaintiff's vary widely. After reviewing the evidence we find the jury award is adequate and therefore should remain unchanged.
Therefore, for the above and foregoing reasons the judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.