484 So.2d 737 (1986)
Robert HARPER
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 84 CA 1208.
Court of Appeal of Louisiana, First Circuit.
February 25, 1986.
Rehearing Denied March 31, 1986.
Writ Denied June 6, 1986.
Andre P. Laplace, Baton Rouge, for plaintiff-appellant, Robert W. Harper.
Carey J. Guglielmo, Baton Rouge, for defendant-appellant, State Farm Mut. Auto. Ins. Co.
Before CARTER, SAVOIE and ALFORD, JJ.
SAVOIE, Judge.
This is an action for personal injuries and damages sustained as a result of the explosion of an automobile battery. After a trial by jury, plaintiff was found to have been contributorily negligent and judgment *738 in his favor was reduced in proportion to his degree of negligence.
On September 16, 1982, Robert Harper (plaintiff) was a guest passenger in a truck owned by his brother Harold Harper and insured by State Farm Mutual Automobile Insurance Company (State Farm). After stopping at a convenience store to allow plaintiff to make a phone call, Harold attempted to start the truck, but was unable to do so. Upon checking under the hood it was discovered that one of the battery terminal posts was loose and had come out of the battery. Plaintiff, standing in front of the truck, leaned over the battery to reinsert the post. While plaintiff's face was only three inches from the battery, Harold attempted to start the truck. Sufficient contact was made between the starter and the battery causing the battery to "explode"[1] and spew its contents into plaintiff's face. As a result, plaintiff sustained chemical and thermal burns to his face and eyes, but did not suffer any permanent vision loss to either eye.
On January 12, 1983, plaintiff filed suit naming only State Farm as defendant. Plaintiff sought recovery under strict liability, alleging that the battery was defective, and also based upon the alleged negligence of State Farm's insured, Harold Harper. Defendant answered asserting contributory negligence and assumption of the risk on the part of plaintiff. The trial judge, in his charges to the jury, instructed them as to the applicable law under strict liability and negligence as well as defenses available under each. The jury found that Harold Harper was negligent and that the battery was defective. The jury also found that plaintiff did not assume the risk but that he was contributorily negligent, and assigned 49% as plaintiff's degree of fault. Damages, found to be $6,800.00 were reduced to $3,468.00 and all costs were assessed against State Farm.
From this judgment plaintiff appeals asserting that the trial court erred in applying comparative negligence and in finding that plaintiff's actions were victim fault or contributory negligence. State Farm also appeals alleging that the trial court erred in not allowing State Farm to introduce the battery in evidence, and for casting them for 100% of costs.
The essence of plaintiff's argument is that this is a strict liability case under LSA-C.C. art 2317 and, therefore, comparative negligence should not apply. The issue of whether comparative negligence is applicable in strict liability cases has recently been addressed by our Supreme Court. See Bell v. Jet Wheel Blast, Division of Ervin Industries, 462 So.2d 166 (La.1985). In Bell, supra, the court was called upon to decide whether contributory negligence or comparative fault was applicable in a strict products liability case. The court rejected contributory negligence as a complete bar to recovery and concluded that comparative fault may be applied in certain categories of cases to reduce the plaintiff's recovery. The court stated in Bell:
Where the threat of a reduction in recovery will provide consumers with an incentive to use a product carefully, without exacting an inordinate sacrifice of other interests, comparative principles should be applied for the sake of accident prevention. The recovery of a plaintiff who has been injured by a defective product should not be reduced, however, in those type of cases in which it does not serve realistically to promote careful product use or where it drastically reduces the manufacturer's incentive to make a safer product.
These same considerations have been applied by analogy to find comparative negligence applicable in highway defect cases. Holmes v. State Through Department of Highways, 466 So.2d 811 (La.App. 3rd Cir.), writ denied, 472 So.2d 31 (La.1985). See also Watson v. State Farm Fire and Casualty *739 Insurance Co., 469 So.2d 967 (La. 1985).
In light of the policy considerations enumerated in Bell, supra, we conclude that comparative negligence was applicable in the case sub judice.
Plaintiff also claims that even if the principles of comparative negligence apply, his actions did not amount to contributory negligence or victim fault. He therefore contends that the trial court erred in reducing his claim. Our duty is to review the record and affirm the jury's findings of fact unless it is clearly wrong. Watson v. State Farm Fire and Casualty Insurance Co., supra.
A review of the record supports the findings of the jury on this issue. It was established at trial that plaintiff had some prior experience with automotive batteries. He was fully aware that batteries contained acid and could explode. Furthermore, plaintiff could not explain why at the time of the accident he was leaning over with his face only three inches from the top of the battery. Plaintiff also admitted that there was nothing preventing him from standing to the side of the truck and reaching in, rather than standing in front and reaching over the battery. Additionally, it was established that there was no pre-arranged signal between plaintiff and his brother for starting the truck once the battery post was reinserted.
In light of the above, we cannot say that the jury was clearly wrong in finding plaintiff contributorily negligent.
As to the findings of percentages of fault under LSA-C.C. art 2323, these are factual findings. Appellate courts will not disturb such findings unless those findings are found to be clearly wrong, manifestly erroneous. Towns v. Georgia Casualty & Surety Co., 459 So.2d 124 (La.App. 2nd Cir.1984).
The Supreme Court has recently expounded guidelines for properly assigning proportions of fault under our comparative fault system. In Watson v. State Farm Fire and Casualty Insurance Co., 469 So.2d 967 at 974 (La.1985), the court stated:
"In determining the percentages of fault, the trier of fact shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages claimed." In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. And, of course, as evidenced by concepts such as last clear chance, the relationship between the fault/negligent conduct and the harm to the plaintiff are considerations in determining the relative fault of the parties.
In applying these guidelines we find that a 49% allocation of fault to plaintiff under the circumstances of this record is supported and is not a clearly wrong finding of fact under LSA-C.C. art. 2323.
Turning to the claims of State Farm, we first address the issue of whether the trial court erred in not allowing State Farm to introduce in evidence the battery or the language of the warning on top. State Farm was not allowed to introduce the battery in evidence because it was not listed on the pretrial order. At the ruling on the objection as to it's entry into evidence, the record reflects the following colloquy:
MR. GUGLIELMO: And, Your Honor, I think the reasoning of the Court in sustaining the objection is because the battery was not listed on the pretrial order.
THE COURT: That's correct. Furthermore, according to the information furnished to me by you, Mr. Guglielmo, your insured advised you a matter of at least two or three months ago that he *740 still had the battery in his possession, and no amendments have been made to the pretrial order. I would assume from that that the battery has been in his possession since the accident, and certainly with due diligence on the part of your client, the battery should have been discovered if you intended to do anything with it.
The pretrial order controls the subject and course of an action unless modified at trial to prevent manifest injustice. Much discretion is left to the trial judge in determining whether or not to modify the pretrial order. Barbay v. Aetna Casualty & Surety Co., 454 So.2d 181 (La.App. 1st Cir.), writ denied, 457 So.2d 1181 (La.1984).
A review of the record indicates that State Farm knew several months in advance of trial that it's insured had the battery in his possession. Yet State Farm failed to list the battery in the pretrial order or add it by way of amendment. Furthermore, there has been no showing that State Farm was prejudiced by the trial court's refusal to modify the pretrial order. Accordingly, we find no abuse of discretion in his ruling to exclude the battery and it's warning label.
State Farm also contends that the trial court erred in assessing 100% of the court cost against them. State Farm claims that the court costs should have been apportioned between the parties based on the percentages of negligence.
Assessment of costs may be made to reflect the percentage of negligence attributed to each party or the trial judge may assess costs in any equitable manner. Upon review, a trial judge's assessment of costs can be reversed by this court only upon a showing of abuse of discretion. Robertson v. Penn, 472 So.2d 927 (La.App. 1st Cir.), writ denied, 476 So.2d 353 (La. 1985).
Upon review of the record, we find that no abuse of discretion has been shown.
For the above and foregoing reasons, judgment of the trial court is affirmed. Costs of this appeal are to be shared equally by Robert Harper and State Farm Mutual Insurance Company.
AFFIRMED.
NOTES
[1] The battery in question did not actually explode in the sense that it fragmented, but rather in the sense that its contents were emitted.