United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Summary Calendar
No. 04-31238
_____

MAIRE LEJEUNE CORMIER,

Plaintiff-Appellant,

versus

DOLGENCORP, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana,
Lake Charles Division
2:04-CV-0901

_____

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Marie Lejeune Cormier ("Cormier") appeals the district court's award of summary judgment to Defendant-Appellee Dolgencorp, Inc. ("Dolgencorp") for her personal injury suit arising from her fall inside one of Dolgencorp's Dollar General stores. We review the district court's summary judgment decision de novo, using the same standard as that court. Royal Ins. Co. of America v. Hartford Underwriters Ins. Co., 391 F.3d 639, 641 (5th Cir. 2004).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On May 16, 2003, Cormier entered the Dollar General in Jennings, Louisiana. As she entered the store, she tripped over the entrance rug and fell, severely breaking her leg. It was a sunny day outside, and Cormier does not assert that her fall was caused by anything other than the mat, which she contends had ridges sufficient to catch her heel and force her to trip. Cormier filed suit in Louisiana state court against Dolgencorp, which owns the store, alleging negligence against Dolgencorp for breaching its duty of care by having a defective mat in the entranceway. Dolgencorp removed the suit to federal court.

To prevail on such a claim, an injured plaintiff must prove that (1) the object was in the defendant's custody; (2) the thing contained a vice or defect which presented an unreasonable risk of harm to others; (3) the defective condition caused the damage; and (4) the defendant knew or should have known of the defect. La. Civ. Code arts. 2317; 2317.1. As the district court properly decided, Cormier failed to submit sufficient evidence on multiple elements of this prima facie case to survive summary judgment.

The parties agree that Dolgencorp had custody of the mat in question. However, Cormier failed to obtain any evidence of a defect in the mat. Cormier admitted that the mat was dry at the time of the incident, that it was not extending outside the doorway or curled up, and that the mat contained no liquid or other foreign substances that might constitute a defect. In district court,

2

Cormier claimed that Dolgencorp had intentionally destroyed the mat in question to keep her from demonstrating the mat's inherent flaws; however, Cormier acquired a similar mat during summary judgment proceedings and Dolgencorp expressly stipulated that the mat submitted by Cormier was like the mat in the store on the day in question. This mat contained no defects, and Cormier failed to submit any evidence or testimony beyond her conclusory allegations that the mat contained defects. This failure is fatal to her claim. See, e.g., White v. FCI USA, Inc., 319 F.3d 672, 677 (5th Cir. 2003) (mere conclusory allegations are not competent summary judgment evidence and thus cannot be used to defeat a motion for summary judgment).

Even assuming arguendo that the mat was defective, Cormier further failed to produce summary judgment evidence sufficient to create a fact issue as to whether Dolgencorp employees had knowledge of the defective condition. To preclude summary judgment on this issue, a plaintiff must demonstrate that employees knew or should have known of the defective condition. See, e.g., Walters v. Kenner CiCi's, 780 So. 2d 467, 469 (La. App. 2001) (holding plaintiff carried her burden by eliciting testimony from the store manager that he had found screws missing from similar chairs that caused the accident and plaintiff's injuries); Saulny v. Tricou House, L.L.C., 839 So. 2d 392, 394-95 (La. App. 2003) (affirming judgment for plaintiff who was injured by a collapsing plastic chair where she produced evidence that the same

3

type of chairs had repeatedly broken over a two year period). Here, Cormier failed to produce any evidence that store employees knew or should have known about the alleged defects in the mat: She produced no documentation of previous accidents, nor did she introduce any affidavit or deposition testimony of store employees that they knew a defect existed, nor did she acquire any other evidence that may have demonstrated constructive or actual knowledge. This omission is also fatal to her claim.

Cormier's final contention is that the mat used in the store constituted an unreasonably dangerous condition. Cormier's sole support for this claim is <u>Weaver v. Winn-Dixie of Louisiana, Inc.</u>, 406 So. 2d 792 (La. App. 1981), in which the court held that a merchant must "have a mat that lies flat so that a patron's foot will not catch under some rise in the mat, causing him or her to fall." <u>Id.</u> at 794. However, Cormier does not claim that her foot was caught <u>under</u> the mat, but instead that the ridges on <u>top</u> of the mat caught her tennis shoe and tripped her. Thus, <u>Weaver</u> is inapposite and no Louisiana law supports Cormier's contention that the mat constituted an unreasonably dangerous condition.

The judgment of the district court is **AFFIRMED.**