# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30711
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
April 6, 2018
Lyle W. Cayce
Clerk

ANTHONY R. LUNA, Individually and on behalf of Mikey Luna, on behalf of Ivory Luna, on behalf of Jordan Luna, on behalf of Grace Luna; DANA D. LUNA, Individually and on behalf of Mikey Luna, on behalf of Ivory Luna, on behalf of Jordan Luna, on behalf of Grace Luna,

Plaintiffs - Appellants

v.

P N K LAKE CHARLES, L.L.C., doing business as L'Auberge Lake Charles; ZURICH AMERICAN INSURANCE COMPANY,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:16-CV-1099

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiffs–Appellants Anthony and Dana Luna—both individually and on behalf of their minor children—brought suit against Defendants–Appellees PNK Lake Charles, L.L.C., and Zurich American Insurance Company, alleging

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30711

that PNK's negligence led to a wheelchair defect that caused injuries to Anthony Luna. The defendants filed for summary judgment, which the district court granted. We AFFIRM.

## I.

In July 2015, Anthony and Dana Luna, along with their minor children, were guests at a casino hotel of PNK Lake Charles, L.L.C. ("PNK"). As Anthony Luna's mobility was limited by a recent knee surgery, a PNK employee provided him with a wheelchair, and one of his children began wheeling Anthony to their family's hotel room. Anthony did not immediately notice anything wrong with the wheelchair when he sat down, but after his son started pushing, the wheelchair stopped and jammed Anthony's heel into the ground. Anthony then stood up and looked at the wheelchair, finding nothing out of place. However, as Anthony again rode in the wheelchair, the wheelchair again abruptly stopped, jamming his foot into the ground. As a result of this second stop, the front left wheel broke in half and folded up beneath itself.

In August 2015, Anthony and Dana Luna—both individually and on behalf of their minor children—filed a Petition for Damages against PNK, Keith Henson, and Zurich American Insurance Company ("Zurich") in Louisiana state court. Henson was the PNK general manager of the premises where the incident occurred. Zurich is PNK's liability insurer. The plaintiffs alleged that the defendants' negligence contributed to the incident and that the incident further injured Anthony's left knee and hindered his post-surgery recovery process. They sought damages pursuant to Louisiana Civil Code Articles 2315 and 2317. In July 2016, the defendants removed the suit to federal court based on diversity jurisdiction. The plaintiffs then filed a motion to remand. The district court denied their motion to remand and further dismissed their claims against Henson without prejudice, as Henson was a non-diverse party. In June 2017, the remaining defendants (i.e., PNK and

2

No. 17-30711

Zurich) filed a motion for summary judgment, which the district court granted. The plaintiffs timely appealed.

## II.

We review a district court's grant of summary judgment de novo. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008) (citing *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002)). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is proper if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"In a diversity case such as this one, we apply state substantive law." *Wiltz v. Bayer CropScience, Ltd. P'ship*, 645 F.3d 690, 695 (5th Cir. 2011) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). The plaintiffs alleged that the defendants are liable based on a theory of custodial liability pursuant to Louisiana Civil Code Articles 2315, 2317, and 2317.1. To prevail on their custodial liability claim, the plaintiffs must prove that "(1) the object was in [PNK's] custody; (2) the thing contained a vice or defect which presented an unreasonable risk of harm to others; (3) the defective condition caused the damage; and (4) [PNK] knew or should have known of the defect." *Cormier v. Dolgencorp, Inc.*, 136 F. App'x 627, 627–28 (5th Cir. 2005) (citing La. Civ. Code arts. 2317, 2317.1).

"[T]he question of whether a custodian or owner of a thing has constructive knowledge of a defect in that thing is inextricably linked with the exercise of reasonable care." *Dawson v. Rocktenn Servs., Inc.*, 674 F. App'x 335, 340 (5th Cir. 2016) (citing *Walters v. City of West Monroe*, 162 So. 3d 419, 424 (La. Ct. App. 2015)). "Louisiana courts have traditionally analyzed the exercise

of reasonable care as consisting of two separate components." *Id.* (collecting cases). The owner or custodian of a thing must (1) "take reasonable steps to discover defects in the thing that create an unreasonable risk of harm" and (2) "take reasonable steps to protect against injurious consequences resulting from defects in the thing that create an unreasonable risk of harm." *Id.* (collecting cases). "When an owner or custodian of a thing fails to exercise reasonable care to discover a defect in that thing, Louisiana law imputes the owner or custodian with knowledge of the defect if the defect is of such a character or has existed for such a period of time that a reasonable custodian or owner would have discovered it." *Id.* (citing *Dufrene v. Gautreau Family, LLC*, 980 So. 2d 68, 80 (La. Ct. App. 2008)); *see Wells v. Town of Delhi*, 216 So. 3d 1095, 1099 (La. Ct. App. 2017).

The district court concluded that there was no actual or constructive knowledge of the wheelchair defect. On appeal, the plaintiffs argue that there was constructive knowledge because PNK failed to take reasonable care to inspect their wheelchairs and did not have any policies regarding inspections and maintenance of their wheelchairs. Their argument fails. Even assuming arguendo that the lack of inspection constituted a lack of reasonable care to discover the defect, there is constructive knowledge only if PNK would have discovered the defect. Here, there is no evidence that PNK would have discovered the defect with an inspection. Anthony Luna inspected the wheelchair himself after it jammed his foot the first time and did not discover anything wrong with it. *Cf. Dawson*, 674 F. App'x at 340–41 (finding that the plaintiffs failed to provide evidence that the alleged clog in the pressure-release line that caused the accident would have been detected by a reasonable inspection, and noting that the injured person had checked and did not see a clog prior to the accident).

No. 17-30711

The plaintiffs cite two cases to support their contention that a failure to inspect is sufficient to overcome summary judgment with respect to constructive knowledge: *Walters*, 162 So. 3d 419, and *Crooks v. Sw. La. Hosp. Assoc.*, 97 So. 3d 671 (La. Ct. App. 2012). These cases are distinguishable. First, the court in *Walters* expressly stated that "[l]ack of inspection is [] only one factor by which the factfinder might determine that the defect existed for such a length of time that the [defendant] should have discovered the defect with the exercise of reasonable care." 162 So. 3d at 424 (citing *Graham v. City of Shreveport*, 31 So. 3d 526, 530–31 (La. Ct. App. 2010)). Second, both cases involve evidence that an inspection would have revealed the defect. *See Walters*, 162 So. 3d at 425 (finding that in addition to the lack of inspection, "damage to the three footings" and "rusted bolts for the footings" provided evidence of constructive notice); *Crooks*, 97 So. 3d at 678–79 (finding that the defendant should have known of the defect in the sofa bed because the missing springs would have been visible in an inspection). Unlike the situation in *Walters* and *Crooks*, here, there were no obvious signs of a wheelchair defect.

The district court also concluded that the plaintiffs' claims do not survive under the doctrine of res ipsa loquitur. "*Res ipsa loquitur* is a rule of circumstantial evidence which allows [the] court to infer negligence on the part of [PNK] if the facts indicate [PNK's] negligence, more probably than not, caused the injury." *Salvant v. State*, 935 So. 2d 646, 659 (La. 2006) (collecting cases). "Application of the doctrine is defeated if an inference that the accident was due to a cause other than [PNK's] negligence could be drawn as reasonably as one that it was due to [its] negligence." *Id.* (quoting *Montgomery v. Opelousas Gen. Hosp.*, 540 So. 2d 312, 320 (La. 1989)). This doctrine does not relieve the plaintiffs from proving all of the elements necessary for recovery but simply allows them to meet the burden of proof by using circumstantial evidence. *See Riggs v. Opelousas Gen. Hosp. Tr. Auth.*, 997 So. 2d 814, 818 (La.

No. 17-30711

Ct. App. 2008) (quoting *Cangelosi v. Our Lady of the Lake Med. Ctr.*, 564 So. 2d 654, 665–66 (La. 1989)). The district court found that res ipsa loquitur could not be used to establish the element of actual or constructive knowledge because the inference that the accident was caused by a hidden defect is just as likely as the inference that it was caused by a defect that could have been detected through inspection. *See Salvant*, 935 So. 2d at 659 (citing *Montgomery*, 540 So. 2d at 320).

On appeal, the plaintiffs contend that the district court erred with regard to its res ipsa loquitur ruling, and that the defect was not hidden and a lack of inspection triggers a presumption that PNK should have learned of the defect. These arguments are without merit. As explained above, Anthony Luna did not discover the defect after an inspection. This suggests that the defect was hidden, or that it is at least as likely that the defect was hidden as it was detectable through inspection. *See Salvant*, 935 So. 2d at 659 (citing *Montgomery*, 540 So. 2d at 320). Further, as explained above, the lack of inspection by itself is not sufficient to prove constructive notice. *See Walters*, 162 So. 3d at 424.

### III.

For the foregoing reasons, we AFFIRM the district court's grant of the defendants' motion for summary judgment.