|,EDWARDS, Judge.
Defendants/appellants W.W. Rowland Trucking Company, Gregory J. Lee and Nobel Insurance Company appeal summary judgments finding them to be 100% liable for injuries sustained by plaintiffiap-pellant Chad Gautreaux and dismissing the other defendants. Finding that Rowland and Lee did not provide a basis to deny the motions and raise issues of material fact, we affirm.
Gautreaux was injured while driving his automobile on the Huey P. Long Bridge. He was following a tractor-trailer rig when suddenly the rear axles of the trailer separated from the chassis, striking the Gau-treaux vehicle. Defendant Gregory Lee was an employee of Rowland and was driving the truck while acting in the course and scope of his employment. The tractor was owned by Gregory Lee’s father, Charley Lee and leased to Rowland. Nobel was the insurer of the tractor and tractor operator. Gautreaux initially filed suit against the Lees, Rowland, and Burlington Motor Carriers. In subsequent supplemental Rand amending petitions Gautreaux added Flexi-Van Leasing as an owner of the chassis and substituted Burlington Northern and Santa Fe Railway Company, the lessee of the chassis, in place of Burlington Motor Carriers. XTRA Lease Inc. a/k/a XTRA Intermodal was also implead-ed as an owner of the chassis leased to Burlington. Later added as defendants were Miller Trailer Company (now Oshkosh Trailers, a division of Oshkosh Truck Company) which manufactured the trailer and tandem axles, and In-Terminal Services which operated the terminal where the container and chassis were stored pri- or to the accident. Oshkosh was alleged to have improperly manufactured and designed the chassis while In-Terminal was allegedly negligent for failing to properly set the locking pins for the axles, failing to properly inspect the trailer, .and failing to warn Lee. In this amending petition Gau-treaux also pleaded the doctrine of res ipsa loquitur.
XTRA moved for summary judgment, and subsequently Gautreaux filed his own motion for summary judgment on the issue of liability. Gautreaux averred that after discovery, it became clear that Rowland and Gregory Lee were 100% at fault and that the other defendants should be dismissed. Attached to these motions were photos, various depositions of the parties and witnesses, Nobel’s insurance policy, and certain discovery documents. Also attached to Gautreaux’s motion was a statement of uncontested facts. Rowland and *90 Lee filed a memorandum in opposition without accompanying attachments or exhibits. However they did file a written response denying the vast majority of the statement of ■ uncontested facts submitted by Gautreaux.
Following oral argument, the trial court granted judgment in favor of Gautreaux and XTRA, finding Rowland and Lee to be 100% at fault. The court | ¡found that Gau-treaux was not at fault and dismissed as defendants XTRA, Burlington and Santa Fe, In Terminal Services, Miller and Oshkosh. No reasons for judgment were given.
On appeal, Rowland and Lee contend there are questions of material fact sufficient to preclude summary judgment and that the doctrine of res ipsa loquitur is inappropriate to the facts of the present case.
' Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.[1] An appellate court must ask the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact remaining to be decided, and whether the appellant is entitled to judgment as a matter of law.[2] The appellate court must consider whether the summary judgment is appropriate under the circumstances of the case.[3]
' The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support [ insufficient to establish that he will-be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.[4]
An adverse party to a supported motion for summary judgment may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue of material fact.[5]
The normal burden of proof in a personal injury case is upon the plaintiff. However, exceptions to this rule have been recognized. In exceptional cases a presumption of negligence arises when a defendant motorist leaves his own traffic lane and strikes another vehicle. In such a case, the burden of proof on.such a defendant motorist is to show that he was not guilty of any dereliction, however slight.[6] In summary judgments, the burden of initial production of evidence is with the mover, but when the above presumption is applied, the burden shifts to the offending motorist.[7] This burden of proof is imposed on the defendant because “it seems *91 only reasonable ... that a motorist owes ... the duty of remaining in his own lane ...”[8]
We find that reasoning to be analogous to the present case. Here Gautreaux was driving behind the tractor-trailer when part of the chassis became disengaged. There is nothing in the record to indicate that Gautreaux was following too closely, speeding, or was negligent in any way. Further, as |7Gautreaux points out, the Code of Federal Regulations sets out certain particular standards for a driver and motor carrier to inspect and properly maintain the vehicle, its parts and accessories.[9] Under La. Civil Code art. 2315, Lee had the duty of reasonably operating and controlling his truck.
To all, he owed the duty of being reasonably observant of conditions that either might affect the operation or use of his vehicle that would pose an unreasonable risk of harm to others. See LRS Title 32, Motor Vehicle Law; La. CC. Art. 2315. Stated in another way, a person in control of a motor vehicle must make a reasonable effort to avoid that vehicle or any object in, on, or from that vehicle from causing injury to others on or about the highway.[10]
It is only reasonable that a driver of a tractor/trailer owes a duty to other motorists to protect them from portions of the vehicle becoming disengaged on the highways. We hold that Lee and Rowland had the burden of exculpating themselves from negligence at trial on the merits. Under Code Civ. Pro. art. 966, it was incumbent upon Gautreaux at the summary judgment to point out to the court that there was an absence of factual support for any defense claimed by Rowland and Lee. At the motion for summary judgment the burden was on Lee and Rowland to show that they were not guilty of negligence.
The exhibits attached to Gau-treaux’s motion established the following facts:
Gregory Lee was employed by Rowland and the tractor was leased to Rowland. Lee was in the course and scope of his employment with Rowland at the time of the accident.
Lee attached the trailer to his tractor prior to leaving the terminal. It was his responsibility to properly attach the chassis and tandem axles to the trailer. Only the driver can adjust the placement of the axles on the chassis because the tractor must be engaged to the trailer at the time this is done.
|sLee executed a manifest attesting to the fact that he had inspected the trailer, that it was in good order, and that he was responsible for it.
It is the duty of the driver and no one else to inspect the chassis and axles to ascertain that they are properly locked. Gregory Lee made only a visual inspection and could not confirm that the locking pins were working properly prior to the accident.
The rear tandem axles of the chassis became separated and collided with Gau-treaux’s vehicle. Prior to the accident nothing unusual happened — Lee did not hit potholes, slam on his brakes, or suddenly change lanes.
After the accident, the axles were easily reattached to the chassis and the unit functioned normally.
There was no evidence of any act of negligence by any other party or person which caused the accident. There was no evidence of a defect in the manufacture or design of the chassis. Gautreaux and XTRA showed that the chassis had not malfunctioned in the previous eight years of use, and that the first time Lee had used it was the day of the accident.
*92 With regard to the liability of XTRA, La. Civil Code art. 2317.1 places responsibility on an owner for damage caused by ruin, vice or defects when (1) he knew or should have known of the vice or defect; (2) that the damage could have been prevented by the exercise of reasonable care; and (3) that defendant failed to exercise such reasonable care. In addition to the fact there was no evidence of any defect, neither was there established a factual issue that XTRA, as owner, was aware of any possible problem .with the chassis. An affidavit submitted by XTRA verified that the chassis has never been altered from its original design and that XTRA was never notified of any possible hazardous condition.
Rowland and Lee submitted no documents in opposition but instead rely on | gthe bare allegations of negligence made against the other defendants by Gautreaux in the various petitions. It is urged that these allegations raise material issues of fact which cannot be determined on summary judgment. We note in this regard that in his motion, Gautreaux specifically requested that the other defendants be dismissed from the lawsuit as there was no evidence to indicate their liability.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.[11]
As stated above, there is no factual support for claims against any of the other defendants. Rowland and Lee offered nothing to exculpate themselves from liability.
The doctrine of res ipsa loquitur should be applied sparingly and only in exceptional cases where the demands of justice make that application essential. It generally requires three elements: 1) the circumstances surrounding the accident are so unusual that, in the absence of other pertinent evidence, there' is an inference of negligence on the part of the defendant; 2) the defendant had exclusive control over the agency, instrumentality, or conditions that caused plaintiffs injury; and 3) the circumstances are such that the only reasonable and fair conclusion is that the accident was due to defendant’s breach of duty-.[12] The second element has not been strictly applied, but is satisfied if the circumstances indicate that defendant’s negligence, and not other plausible explanations, was the Improbable cause of the accident.[13] In order to utilize this doctrine, the plaintiff must establish a foundation of facts on which the doctrine may be applied.[14] The plaintiff does not have to eliminate all other possible causes or inferences, but he must present evidence that indicates at least a probability that the injury would not have occurred without negligence. The plaintiff must show not only that an accident occurred or that an accident was caused by the negligence of someone, but also that the circumstances warrant an inference of defendant’s negligence.[15] A plaintiff should sufficiently exclude the inference of his own responsibility or the responsibility of others besides the defendant in causing the accident.[16]
*93 Under the facts of this case and for the reasons outlined above, the doctrine of res ipsa loquitur may properly be applied. In the absence of any evidence to the contrary, the attachments to the motions for summary judgment submitted by Gau-treaux and XTRA show that the accident would not have happened without the negligence of Lee in failing to properly secure the chassis and axles. Gautreaux and XTRA supported their motions for summary judgment, while Rowland and Lee failed to support specific facts showing a genuine issue for trial. The summary judgments must be affirmed.
Gautreaux filed a cross appeal requesting that if this court reversed the summary judgment in his favor, the judgment must also be reversed as to all defendants including XTRA. Because of our findings herein that appeal is moot.
For the foregoing reasons, we affirm the summary judgments. Because |nthese were partial judgments on liability only, we remand the matter to the trial court for further proceedings.
AFFIRMED AND REMANDED.
CANNELLA, J., dissents with reasons.

. Azreme, Corp. v. Esquire Title Corp., 98-1179 (La.App. 5th Cir. 3/30/99), 731 So.2d 422, 425.

. Id., at p. 425; Tassin v. City of Westwego, 95-307 (La.App. 5th Cir. 12/13/95), 665 So.2d 1272.

. Id., at p. 425.

. La. C.C.P. art. 966.

. La.C.C.P. art. 967; Jethani v. Motwani, 98-0703 (La.App. 4th Cir. 11/18/98), 723 So.2d 1042; writ denied 98-C-3120 (La.2/5/99), 738 So.2d 8.

. Ferrell v. Fireman's Fund Ins. Co., 94—1252 (La.2/20/95), 650 So.2d 742; Tolbert v. Fireman's Fund Ins. Co., 98-637 (La.App. 3rd Cir. 10/7/98), 719 So.2d 738.

. Tolbert v. Fireman’s Fund Ins. Co., supra.

. Ferrell v. Fireman's Fund Ins. Co., supra.

. 49 CFR 393.1 et seq.

.Foster v. Lafayette Ins. Co., 504 So.2d 82 (La.App. 2 Cir.1987).

. Code Civ. Pro. art. 967.

. Spott v. Otis Elevator Co., 601 So.2d 1355, 1362 (La.1992); Baxter v. Sonat Offshore Drilling, Inc., 98-1054 (La.App. 1 Cir. 5/14/99), 734 So.2d 901.

. Id.

. Cangelosi v. Our Lady of the Lake Regional Medical Ctr., 564 So.2d 654, 665-666 (La.1989).

. Id.; Baxter v. Sonat Offshore Drilling, Inc., supra.

.Cangelosi, supra.