806 So.2d 776 (2001)
STATE FARM MUTUAL AUTOMOBILE INS. CO., et al.
v.
Will R. McCADNEY and Venture Transport, Inc.
No. 01-CA-900.
Court of Appeal of Louisiana, Fifth Circuit.
December 26, 2001.
*777 S. Daniel Meeks, John B. Esnard, III, Metairie, LA, Attorneys for Appellants.
Charles S. Green, Jr., Mary M. Smythe, New Orleans, LA, Attorneys for Appellee.
Panel composed of Judges MARION F. EDWARDS, CLARENCE E. McMANUS and WALTER ROTHSCHILD.
MARION F. EDWARDS, Judge.
Appellants Will R. McCadney and Venture Transport (McCadney) appeal a judgment of the First Parish Court finding McCadney to be at fault in a vehicular accident, and granting judgment in favor of appellees State Farm Mutual Automobile Insurance Company (State Farm) in the amount of $789.15, and to Mr. Ronald Cummins in the amount of $290.00, plus interest and costs. For the following reasons we affirm.
At trial, Mr. Cummins testified that his car was stopped at a red light in the center lane of the traffic circle at Clearview Parkway and Jefferson Highway. An eighteen wheel truck driven by Mr. McCadney was in the left lane. There were cars all around, in front and on the side of Cummins. As the light turned green, the truck began a left turn onto Jefferson Highway when the rear wheel of the truck pivoted out, hitting the back rear of Cummins' car. Cummins was not moving when the accident happened. The driver did not realize he had hit Cummins, so Cummins followed him down Jefferson Highway to a gas station to inform him of the accident. Cummins saw the tire mark on his car and also saw paint on the truck's tire. The truck driver received a traffic citation. His deductible from the accident was *778 $250.00, and he paid $40.00 for the rental vehicle. Cummins was not injured in the accident.
McCadney testified that he has never been involved in an accident during his years driving an eighteen wheel truck. On the day of the accident he was driving an 18 wheeler with a sleeper on the back. He had delivered a load and was on his way to have his truck serviced and cleaned. At the red light, prior to making the turn he checked oncoming traffic as well as his mirror to ascertain that it was clear. During a left turn, the truck goes straight up and turns, the tail end does not pivot out. After completing the turn, he proceeded to a truck stop where Cummins informed him of the accident. As required by his company, he took photos of the vehicles that day, which photos were admitted into evidence. The photographs are not, however, part of the record on appeal. McCadney testified that there was some damage on Cummins' car.
When questioned as to whether he kept the trailer totally within his lane instead of moving to the next lane, he replied that he turned as tightly as he could without running over the left obstructions. The trial court asked McCadney why he attempted a tight left turn if he could have turned into the westbound middle lane of Jefferson Highway, and he stated that it was to keep from getting obstructed traffic on the right side. He then testified: "I went up far enough straight, so I could make a left turn without any obstruction on the left side." McCadney stated that his trailer never moves out of the lane in which he's traveling.
Mr. Oliver Dean, Regional Safety Manager for Venture, testified that his background is in law enforcement accident investigation, and he has worked in the trucking industry as a safety person. He has investigated motor vehicle accidents for 30 years. In this case, he spoke to McCadney and looked at the photos. He went to the scene the next day. Mr. Dean was not tendered or qualified as an expert.
Mr. Dean examined the photographs and stated that it appeared to him that some mud on rear tire of the trailer did not appear to have been rubbed off. He did not see damage on the Cummins' vehicle from the rub rail or pipe on the back of the trailer.
The parties stipulated that the damages to Mr. Cummins' vehicle were in the amount of $629.14 and the replacement vehicle rental was $200.01.
The trial court stated that he knew the area very well, and had seen the back ends of tractor-trailers sway a little out of their lanes when turning. He found that it was "not inconceivable" for the accident to have occurred as Mr. Cummins' testified, and it was "not improbable" for it to have happened that way. The court, looking at the photographs, further stated: "And I'm looking at the marks on the car. I mean that's the perfect height of the tires on the 18-wheeler. I mean, I could bet you you probably can move the back end of the trailer, put the tire right in the center of that car and it probably would match up." The court then announced that it found Cummins proved by a preponderance of the evidence that the car was struck by the truck as it made the turn. Damages for repairs and auto rental expenses were awarded to State Farm as well as to Cummins for his out-of-pocket expenses. It is from this judgment that McCadney appeals.
In order to determine whether liability exists under the facts of a particular negligence case, a duty-risk analysis must be undertaken. Under this analysis, it must be determined whether plaintiff established, by a preponderance of the evidence, *779 that: (1) the conduct in question was the cause-in-fact of the resulting harm; (2) defendant owed a duty of care to plaintiff; (3) the requisite duty was breached by defendant; and (4) the risk of harm was within the scope of protection afforded by the duty breached.[1] In Louisiana tort cases, the plaintiff must prove by a preponderance of the evidence both the negligence of the defendant and the damages caused by the latter's fault.[2]
McCadney had the statutory duty to drive his vehicle entirely within his lane of traffic.[3] In its first assignment of error, McCadney urges that the trial court committed legal error by applying the wrong evidentiary standard in finding that he breached his duty to Cummins. McCadney contends that the court merely required Cummins to prove that it was "not inconceivable" or "not improbable" for the accident to have occurred as Cummins averred. Although that choice of words by the court is awkwardly phrased, taken in context it is clear that the court required the proper burden of proof. The court explicitly stated that it found in favor of Cummins by the proper "preponderance of the evidence" standard. This assignment of error is without merit.
McCadney further alleges that the evidence offered during trial refutes the findings of the trial court. The court heard the testimony of Mr. Cummins, who stated that the trailer hit his car as he stayed in the center lane. Mr. McCadney testified that during a left turn, the truck goes straight up and the tail end does not pivot out. He did not testify unequivocally that his trailer did not veer into the center lane or that it did not make contact with the Cummins vehicle. Rather, he stated that he was unaware of any accident.
Our examination of the photographs submitted into evidence discloses no manifest error in the finding of the trial court that the height of the tires appears to match the damage on the Cummins automobile.
McCadney also alleges that the trial court erred in relying primarily upon his own observations and disregarding evidence adduced at trial. This assignment of error addresses the remarks of the judge that he had seen trailers sway out of their lanes on turns. It would certainly have been improper for the court to rely solely or primarily on such knowledge. However, in a similar situation we have stated:
We conclude, however, that the judge's remark was intended simply to explain why he found plaintiff's expert more credible than defendant's. Obviously a judge cannot decide cases in a vacuum; we all must use our accumulated knowledge and experience in evaluating evidence and determining what makes one witness more believable than another. Under the circumstances, the judge's mention of his knowledge was harmless error if it was error at all.[4]
That reasoning applies in the present matter. The court had the benefit of testimony and photographs to determine, along with personal knowledge, his findings as to the credibility of the witnesses and weight *780 of the evidence. We find no support for the assertion that the court relied primarily on his own observations. This assignment of error is without merit.
In the absence of any evidence whatsoever to indicate that Cummins was at fault, we find no manifest error in the determination by the trial court that the accident occurred and that the preponderance of the evidence proved that McCadney was solely responsible. The judgment is affirmed. Costs are assessed to McCadney.
AFFIRMED.
NOTES
[1] Stroik v. Ponseti, 96-2897 (La.9/9/97), 699 So.2d 1072; Arbon v. Charbonnet, 99-852 (La. App. 5th Cir.1/25/00),761 So.2d 20, 25; writ denied 00-603 (La.4/20/00), 760 So.2d 348.
[2] Jordan v. Travelers Ins. Co., 257 La. 995, 245 So.2d 151, 155 (1971); Degruise v. Houma Courier Newspaper Corp., 95-1863 (La.11/25/96), 683 So.2d 689.
[3] LSA-R.S. 32:79.
[4] Montegut v. Davis, 473 So.2d 73, (La.App. 5 Cir.1985) writ denied, 477 So.2d 88 (1985).