836 So.2d 549 (2002)
Jose RAMIREZ, Kenneth Francis and Isaac Nevels
v.
Linda GIROUARD and Allstate Insurance Company.
No. 02-CA-887.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 2002.
*550 James E. Shields, Jr., Gretna, LA, for Appellants.
Noel Cole Young, New Orleans, LA, for Appellee.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and CLARENCE E. McMANUS.
JAMES L. CANNELLA, Judge.
In this automobile accident case, Plaintiffs, Jose Ramirez (Ramirez), Kenneth Francis (Francis) and Isaac Nevels (Nevels), appeal from a judgment in favor of Defendants, Linda Girouard (Girouard) and Allstate Insurance Company. We affirm.
On October 27, 1997, a vehicle driven by Ramirez and occupied by passengers, Francis and Nevels, exited the raised Westbank Expressway on the Stumpf Boulevard downramp. At the same time, Girouard had entered the ground level lanes of the Expressway after leaving the Subway restaurant nearby. She crossed two lanes of traffic moving toward the far left lane. As she began to straighten her vehicle in the far left lane, Ramirez struck her van on the driver's side toward the rear.
On October 21, 1998, Plaintiffs filed suit against the Defendants.[1] A bench trial was held on February 20, 2001, following which, the trial judge ruled in favor of the Defendants. The trial judge determined that the accident was caused by Ramirez' inattentiveness and his failure to yield, despite a yield sign at the bottom of the ramp. The trial judge further found that Girouard's car was already in the far left lane when Ramirez's vehicle came down the exit ramp. Consequently, Ramirez should have seen her. Nevels failed to appear at trial without any explanation to the court or his counsel. The trial judge dismissed his case pursuant to a motion by the Defendants.
On appeal, Plaintiffs argue that the trial judge failed to apply La.R.S. 32:124, which states that a vehicle entering a roadway from a private driveway has a duty to wait until all approaching vehicles have passed. Additionally, the trial judge erred in his factual findings. Nevels asserts that the trial judge erred in dismissing his case for failure to appear because it was due to circumstances beyond his control.
La.R.S. 32:124 provides:
The driver of a vehicle about to enter or cross a highway from a private road, driveway, alley or building, shall stop such vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across any alleyway or driveway, and shall yield the right of way to any pedestrian as may be necessary to avoid collision, and shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard.
Girouard testified that she had just left a nearby Subway restaurant, which was not directly across from the exit ramp. She knew that the exit ramp at Stumpf Boulevard had a yield sign. Prior to entering the highway, she insured that she could cross the lanes of travel to reach the left far lane safely. Before entering the far left lane, she looked and saw a truck in that lane and also saw the Ramirez car coming down the exit ramp. She waited for the truck to pass then entered the lane, relying on the Ramirez vehicle to yield *551 pursuant to the yield sign. Ramirez did not yield and struck her. Girouard claimed that she was in the far left lane when struck.
Ramirez testified that he was traveling 20-25 miles per hour (mph) and saw the yield sign. However, he stated that he did not see Girouard's van or any vehicles in the three lanes to the right as he drove down the ramp.
Phillip Niddrie witnessed the accident He testified that he did not know where Girouard's van came from prior to crossing the roadway, but it was straightening out in the far left lane when struck. He stated that Ramirez's car was traveling 8-9 mph when it was struck by Girouard.
La. R.S. 32:124 does not apply to this case. Before the accident Girouard had already entered the highway and crossed several lanes. However, other traffic safety rules do apply. La.R.S. 32:123 (D) requires a motorist to slow down or stop and yield the right of way to a pedestrian or vehicle in an intersection or another highway. Although this accident did not occur at an intersection, Girouard's vehicle was on the "other" highway, whereas the Ramirez car was on an exit ramp. By analogy, Ramirez was obligated to yield to the traffic in the traffic lanes. In addition, a motorist is required to see what is before him and to drive in a careful and prudent manner. La.R.S.32:58. Here, Ramirez admitted that he did not see Girouard's van or any traffic in the lanes next to the far left, which he was attempting to enter. This supports the trial judge's finding that he was inattentive.
Girouard also had an obligation to proceed with caution. La.R.S. 32:79 (1) provides that, "(a) vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." In this case, she ascertained that she could move into the lane behind the truck with safety because she relied on the driver of the car on the exit ramp to yield, pursuant to the yield sign. The trial judge believed her version of the events and found Ramirez 100% at fault.
On appellate review, the court's function is to determine whether the findings of the trier of fact were clearly wrong or manifestly erroneous. Brown v. Seimers, 98-694 (La.App. 5th Cir.1/13/99), 726 So.2d 1018, 1021, writ denied, 99-0430 (La.4/1/99), 742 So.2d 556; Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Brown, 726 So.2d at 1021; Rosell, 549 So.2d at 844. The issue to be resolved by the reviewing court is not whether the factfinder was right or wrong, but whether its conclusion was a reasonable one. Brown, 726 So.2d at 1021; Stobart v. State, Through DOTD, 617 So.2d 880, 882 (La.1993). Thus, where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Brown, 726 So.2d at 1021; Stobart, 617 So.2d at 882. Only where the documents or objective evidence so contradict a witness's story, or the story itself is so internally inconsistent or implausible on its face that a reasonable factfinder would not credit the witness's story, may the court of appeal find manifest error, even in a finding purportedly based upon a credibility determination. Brown, 726 So.2d at 1021; Rosell 549 So.2d at 844-45.
Based on the evidence, we find that the trial judge was not clearly wrong in *552 determining that Ramirez was inattentive, failed to yield and was 100% at fault in causing the accident. Furthermore, since the passengers did not file a claim against Ramirez, the trial judge did not err in dismissing their claims.
Nevels asserts that the trial judge erred in dismissing his case against the Defendants because he failed to appear at trial. He contends that he was unable to attend the trial due to circumstances beyond his control. Because we affirm the dismissal of the case, we need not address this issue.
Accordingly, the judgment of the trial court is hereby affirmed. Costs of the appeal are to be paid by Plaintiffs.
AFFIRMED.
NOTES
[1] No suit was filed against Ramirez by Francis or Nevels.