| ¡WALTER J. ROTHSCHILD, Judge.
This case arises from an accident that occurred on February 25, 1999 at the job site of a canal development project in Me-tairie, Louisiana. According to the plaintiff, Joddie Crenshaw, the project basically involved digging a canal, pouring a concrete bottom and walls, and putting a force main on the west side to connect it to an existing pumping station. At the time of the accident, Mr. Crenshaw was working as an equipment operator for Circle, Inc. (“Circle”), which was the general contractor on the project, and Bayou Land and Marine Contractors (“Bayou”) was one of the subcontractors that was assisting with the project.
In order to perform the work on the project, temporary roadways had to be built over the canal. The temporary roadways were constructed by placing sheet pilings on the sides of the canal and then placing roadway beams and single beams east to west on top of the sheet pilings. Wooden mats were placed over the beams north to south to form the roadway. As the project progressed, portions of the temporary roadway would usually be moved using a “leapfrog” method by which the last section of roadway would be moved by a crane to the front of the roadway and rebuilt, allowing the project to move north.
|3On the date of the accident, a crane driven by Brian Gonzales, a Bayou employee, was carrying a bulldozer along the *936 temporary roadway, when the roadway collapsed. Mr. Crenshaw, who was standing on a beam at the time of the accident, fell into the canal and was trapped underneath a beam for a short amount of time. Mr. Crenshaw sustained several injuries and one of the other workers died as a result of the accident.
On January 31, 2000, Mr. Crenshaw[1] filed a Petition for Damages against Bayou and its insurer, Scottsdale Insurance Company, alleging that the accident was caused by the negligence of Bayou. Travelers Property and Casualty Corporation (“Travelers”), as Circle’s worker’s compensation carrier, intervened in the suit to recover benefits paid to Mr. Crenshaw as a result of this accident.
Trial in this matter was held on August 20, 2002. On December 4, 2002, the trial court rendered a judgment, along with reasons, in favor of the defendants, dismissing the plaintiffs claims against them with prejudice. It is from this judgment that the plaintiff, Joddie Crenshaw, appeals.

FACTS

At trial, three witnesses testified. The first witness was the plaintiff, Joddie Crenshaw. He testified that he was working on a canal project for Circle as an equipment operator at the time of the accident. He stated that temporary roadways had to be built over the canal so that they could work in certain areas of the canal at different times. Prior to his employment with Circle, Mr. Crenshaw worked for Bayou on this project. He testified that it was Bayou’s responsibility to do the sheet pile work and to build the temporary roadways over the canal. Circle supplied the materials for the roadways.
Mr. Crenshaw stated that he was at the job site every day and that Bayou employed the only sheet pile crew on the job. On the day before the accident, Mr. 14Crenshaw pulled up a 60-foot section of mats with a trackhoe and moved them to the north end, because they needed the roadway in place in that area to put the sub-base material, crushed concrete, in the canal. On the morning of the accident, Mr. Crenshaw saw Bayou employees remove part of the roadway from the south end and use it to replace and cover up part of the section that Mr. Crenshaw had removed the previous day. He testified that the section of roadway that Bayou employees put in place on the morning of the accident was the section that subsequently collapsed. He stated that Bayou employees were the last ones to put that section in place prior to the accident.
Mr. Crenshaw stated that prior to the accident, his supervisor, Dale Dominguez, wanted to get a bulldozer placed in the canal through one of the holes where mats had been removed from the roadway, so Mr. Dominguez asked Brian Gonzales, who was a Bayou employee, to move it with Bayou’s crane. The bulldozer weighed approximately 13,500 pounds, but the crane was capable of carrying about 50 tons. Mr. Crenshaw was standing on one of the roadway beams when he heard the crane’s cables “singing” behind him. He turned around and saw the mats collapsing and the bulldozer falling. Mr. Crenshaw was thrown from the beam into the canal and was pinned down by a beam.
Mr. Crenshaw testified that Mr. Gonzales had a history of driving the crane too fast. He stated that he and Mr. Dominguez had both previously asked Mr. Gonzales to slow the crane down, because driv *937 ing too fast on a temporary roadway can cause too much deflection of the mats and can be dangerous. However, Mr. Cren-shaw did not know if Mr. Gonzales was driving the crane too fast on this occasion. It appeared to him that the crane was traveling properly.
The second witness to testify was Dale Dominguez, who was employed by Circle as a field superintendent. He worked on the canal project and basically oversaw the job for Circle. He testified that Bayou was responsible for building |ñthe temporary roadways over the canal during the project. On the day of the accident, he needed to have a bulldozer placed through a gap in the temporary roadway. He asked Mr. Gonzales if he could handle moving the bulldozer to this location and he answered affirmatively. He told Mr. Gonzales to “take it slow,” because Mr. Gonzales had a habit of driving the crane too fast. He stated that he had previously talked to Mr. Gonzales and his supervisor about him driving too fast over the temporary roadway.
Mr. Dominguez stated that Bayou employees were the last to move the mats to the location where the roadway collapsed. After Mr. Crenshaw moved some mats on Wednesday, the gap in the roadway was very wide. Bayou filled a portion of the gap with mats on the morning of the accident. The portion of roadway that collapsed under the crane was the portion of roadway that Bayou had refilled that day.
On cross-examination, Mr. Dominguez could not say for certain that the mats were improperly placed or that Mr. Gonzales drove improperly and caused the accident. He did not know how fast Mr. Gonzales was driving at the time of the accident. He admitted that there were times during the project when Circle employees would remove portions of the roadway that had been placed by Bayou, and then Circle would replace it after they finished their work.
The third and final witness, Brian Gonzales, testified for the defense. He stated that he had been operating cranes for at least 3^4 years at the time of the accident. He was employed by Bayou as a crane operator at the time of the accident, though he was not licensed to operate a crane at that time. He testified that when Bayou would construct portions of the temporary roadway, Circle employees would often disassemble it in order to do their work. He stated that on the day of the accident, Bayou was not working in the area where the accident |fioccurred so there would have been no reason for Bayou to have constructed the portion of roadway that collapsed.
He stated that he was asked to move a bulldozer, and he was about to lower it through the gap in the road when he felt as if he was falling through the road beneath him. He immediately dropped the bulldozer so that the crane would not tip forwards. He testified that no one had ever spoken to him about driving too fast or improperly operating the crane.
Mr. Gonzales admitted that part of his job was to take sections of the roadway from the south end and transfer them to the north. However, he asserted that Bayou employees did not move part of the roadway from the south end to fill in the gaps in the road on the date of the accident. In his prior deposition, he indicated that he did not know who built the portion of the roadway that collapsed. At trial, he explained that he did not know the specific person was who built the roadway, but it had to be a Circle employee because he was certain that Bayou did not built it. He stated that he did not see a Circle employee build it, but he would have been the person to build it if Bayou had done it, and he definitely did not build that portion *938 of the roadway. Therefore, it had to have been built by Circle.
In a judgment dated December 4, 2002, the trial judge concluded that the plaintiff failed to meet his burden of proof by a preponderance of the evidence that Bayou was negligent and caused the accident.

DISCUSSION

On appeal, the plaintiff asserts three assignments of error. In his first assignment of error, he argues that the trial court erred in finding that the plaintiff failed to establish by a preponderance of the evidence that the defendants, Bayou Land and Marine Contractors, Inc. and Scottsdale Insurance Company, breached their duty of care owed to Joddie L. Cren-shaw.
|7The plaintiff argues that the only two possible causes for the collapse of the roadway are: 1) the temporary roadway was negligently built; or 2) the crane was improperly driven and caused the roadway to collapse. He contends that Bayou is liable for the accident in either case, because a Bayou employee, Mr. Gonzales, was operating the crane, and Bayou employees built the section of roadway that collapsed. Bayou denies that its employees constructed the portion of roadway that collapsed or that Mr. Gonzales négli-gently operated the crane.
The primary disputed issue in this case is which company built the section of roadway that collapsed. In its reasons for judgment, the trial court stated in part as follows:
Due to the conflicting testimony at trial, the Court is unable to determine whether Circle or Bayou Land and Marine actually built that portion of the roadway where the accident occurred. As such, this Court can only speculate as to what caused the roadway to collapse, and is unable to conclude with any reasonable certainty that the defendants breached a duty of care or were negligent.
In order to determine whether liability exists under the facts of a negligence case, the plaintiff has the burden of proving by a preponderance of the evidence that: 1) the conduct in question was the cause-in-fact of the resulting harm; 2) the defendant owed a duty of care to the plaintiff; 3) the requisite duty was breached by the defendant; and 4) the risk of harm was within the scope of protection afforded by the duty breached. State Farm Mutual Automobile Ins. Co. v. McCadney, 01-900 (La.App. 5 Cir. 12/26/01), 806 So.2d 776, 778-779. Proof by a preponderance of the evidence means that, taking the evidence as a whole, such proof shows that a fact sought to be proven is more probable than not. Johnson v. Lee, 00-78 (La.App. 5 Cir. 5/30/00), 760 So.2d 1273, 1277. The fact sought to be proven by the plaintiff in the present case was that Bayou built the roadway that | ^collapsed and caused the plaintiffs injuries or, alternatively, Mr. Gonzales negligently drove the crane and caused the roadway to collapse.
An appellate court may not set aside the trial court’s decision unless it is manifestly erroneous or clearly wrong. Ramirez v. Girouard, 02-887 (La.App. 5 Cir. 12/30/02), 836 So.2d 549, 551. If the trial judge’s findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even if it would have weighed the evidence differently. Darbonne v. Wal-Mart Stores, Inc., 00-551 (La.App. 3 Cir. 11/2/00), 774 So.2d 1022, 1025. An appellate court must view the evidence in the light most favorable to the party who prevailed in the trial court. Id. at 1027.
*939 In the present case, the trial judge considered the evidence presented and found that Mr. Crenshaw did not prove by a preponderance of the evidence that Bayou caused the accident. The testimony presented regarding who built the portion of the roadway that collapsed was disputed. Mr. Crenshaw and Mr. Dominguez stated that Bayou built the road, whereas Mr. Gonzales asserted that it had to be Circle who built the road. Although the plaintiff asserts that Bayou was contractually responsible for building the roadways, the pertinent question is who built the roadway in this instance, and the parties presented conflicting testimony on this issue. Further, although there was conflicting testimony regarding whether or not Mr. Gonzales had been previously reprimanded for driving cranes too fast, there was no testimony that anyone witnessed Mr. Gonzales improperly driving the crane on this occasion.
It is the trier-of-fact’s duty to assess the credibility of the witnesses and to make factual determinations. Bradbury v. Thomas, 98-1678 (La.App. 1 Cir. 9/24/99), 757 So.2d 666, 673. However, when the evidence is insufficient to establish a fact at issue, the trial court must find that the plaintiffs burden has not been met. This does not mean that the trial court failed to make credibility 19determinations, find facts, and consider the evidence presented. Rather, it simply means that after considering the testimony and evidence presented, the trial court found that the plaintiff lacked the necessary evidence to tip the scales to the level of a preponderance of the evidence. See Darbonne v. Wal-Mart Stores, Inc., supra at 1026, wherein the Court discussed insufficiency of the evidence arguments.
Considering the testimony and evidence in this case, we cannot say that the trial court’s decision that Mr. Crenshaw did not satisfy his burden of proof was manifestly erroneous. Accordingly, this assignment of error is without merit.
In his second assignment of error, Mr. Crenshaw contends that, after being presented unequivocal evidence that Bayou built the roadway that collapsed, the trial court erred in refusing to make the factual determination as to whether or not Bayou Land and Marine Contractors, Inc. built the portion of roadway which collapsed.
As stated above, the testimony regarding who built the roadway was disputed and not unequivocal, because the Circle witnesses testified that Bayou built the roadway and Bayou’s witness argued that Circle built the roadway. The trial judge did not believe that the plaintiff proved by a preponderance of the evidence that Bayou built the portion of roadway that collapsed under the crane, and failure to make such a finding was not manifestly erroneous in light of the evidence presented to the court. This trial judge’s finding was reasonable and will not be disturbed. Therefore, this assignment of error is without merit.
In his third and final assignment of error, Mr. Crenshaw asserts that the trial court erred in finding the doctrine of res ipsa loquitur inapplicable to the facts surrounding the accident at issue.
The doctrine of res ipsa loqui-tur is a rule of circumstantial evidence that infers negligence on the part of the defendant when the facts of the case indicate that negligence of the defendant is the most probable cause of the accident, in the | inabsence of other equally probable explanations offered by credible witnesses. Allen v. Blanchard, 99-0277 (La.App. 1 Cir. 3/31/00), 763 So.2d 704, 709; Cangelosi v. Our Lady of the Lake Regional Medical Center, 564 So.2d 654, 660 (La.1989). In order to apply the doctrine of res ipsa *940 loquitur, the plaintiff must show: 1) the circumstances surrounding the accident are so unusual that, in the absence of other pertinent evidence, there is an inference of negligence on the part of the defendant, 2) the defendant had exclusive control over the thing causing the injury, and 3) the circumstances are such that the only reasonable and fair conclusion is that the accident was due to a breach of duty on the defendant’s part. Williamson v. St. Francis Cabrini Hosp. of Alexandria, 99-1741 (La.App. 3 Cir. 5/10/00), 763 So.2d 50, 54, writ denied, 00-2149 (La.10/6/00), 771 So.2d 83.
Mr. Crenshaw contends that the elements of res ipsa loquitur have been met in this case. He argues that he sufficiently showed that there is an inference of negligence, because the roadway would not have collapsed absent: 1) improper construction of the temporary roadway, or 2) negligent driving by the crane operator. He states that the testimony established that the accident was more likely than not caused by the negligence of Bayou because Bayou employees built the section of roadway and drove the crane. He contends that the “exclusive control” element is satisfied if the circumstances indicate that it is more probable than not that the defendant caused the accident and other plausible explanations do not appear to be the cause of the accident. Further, Mr. Cren-shaw states that Bayou has implied but provided no evidence to show that Circle’s occasional dismantling and replacement of the wooden mats caused any damage to the mats that Bayou used on the morning of the accident to construct the section of roadway that collapsed.
Bayou responds that res ipsa loquitur is not applicable because it only applies when all other reasonable hypotheses other than the defendant’s fault have |nbeen ruled out, as stated in Valiant Insurance Company v. City of Lafayette, 574 So.2d 505 (La.App. 3 Cir.1991). Bayou states that, in the present case, other hypotheses, such as negligence of Circle, faulty building materials, or faulty design have not been ruled out.
Bayou further contends that Mr. Cren-shaw presented no evidence or expert testimony to indicate why the roadway collapsed or how often such a collapse occurs. Therefore, he failed to show that the circumstances of this case are so unusual and extraordinary that an inference of negligence should be inferred. Even if the circumstances support an inference of negligence, Bayou asserts that the inference is not attributable to Bayou. Mr. Crenshaw did not prove that Bayou erected the roadway section that collapsed, and even if it was improperly constructed, it may have been constructed by Circle. Further, Bayou did not have “exclusive control” over the roadway. The testimony of Mr. Cren-shaw and Mr. Dominguez showed that Circle employees were involved in movement, disassembly, and reassembly of the roadway, and Mr. Dominguez was the supervisor for Circle and directed Bayou’s activities at the time of the accident.
The doctrine of res ipsa loquitur should be applied sparingly and only in exceptional cases where the demands of justice make that application essential. Gautreaux v. W.W. Rowland Trucking Co., Inc., 99-1002 (La.App. 5 Cir. 2/29/00), 757 So.2d 87, 92, writ denied, 00-0915 (La.5/12/00), 761 So.2d 1291. Considering the testimony and evidence in this matter, we conclude that the trial court was correct in finding that res ipsa loquitur does not apply to the facts of this case, because the elements necessary for application of this doctrine have not been met. The plaintiff has not established that Bayou had exclusive control over the portion of the roadway that collapsed. Further, the *941 issue of who was the last to construct the portion of roadway that collapsed was disputed, and Bayou’s negligence was not the only possible cause of the accident that was reasonable. |12The trial judge listened to the testimony and found that Mr. Cren-shaw did not establish by a preponderance of the evidence that Bayou constructed the portion of roadway that collapsed. Further, the trial judge could not determine the cause of the accident based on the evidence presented and stated, “[tjheories as to the actual cause of the accident, based on the testimony and evidence, can only remain speculative.”
The plaintiff was required to show the accident was more likely than not caused by Bayou’s negligence. However, he failed to do so. He did not establish the cause of the accident, and testimony showed that other causes of the accident, such as the negligence of Circle, were just as likely as the negligence of Bayou. Accordingly, because the elements of res ipsa loquitur have not been satisfied, we find that this assignment of error is without merit.

DECREE

For the reasons set forth above, we affirm the judgment of the trial court, dismissing the plaintiffs claims against Bayou and Scottsdale. We further note that Travelers is not entitled to any of the relief sought in its intervention, based on the finding that Mr. Crenshaw did not prevail in this appeal.

AFFIRMED.

. Mr. Crenshaw’s wife, Holly Crenshaw, was also a plaintiff in this matter, but her loss of consortium claim was settled.