# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 17, 2022

Lyle W. Cayce
Clerk

No. 21-30196

Tyrea Arceneaux,

*Plaintiff—Appellant*,

*versus*

American Trucking & Transportation Insurance Company Risk Retention Group; M V T Services, L.L.C., doing business as Mesilla Valley Transportation,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:20-CV-70

Before Jones, Haynes, and Costa, *Circuit Judges*.

Per Curiam:*

Appellant Tyrea Arceneaux sustained injuries after a tractor-trailer tire blew out and the dislocated tread struck her vehicle. She filed various negligence claims against the tractor-trailer's owner, its driver, and its

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30196

insurer.   The district court granted summary judgment in favor of the Defendant-Appellees and dismissed Arceneaux's claims with prejudice.  For the following reasons, the judgment of the district court is AFFIRMED.

## I. Background

Arceneaux commuted from her workplace in Breaux Bridge, Louisiana to her home in Lafayette by traveling southwest on Interstate 10. One day in March 2018, a tractor-trailer owned by Appellee MVT Services, LLC and driven by its employee, Wilson Gonzales, passed Arceneaux and changed lanes in front of her.[1]   Suddenly, part of the tractor-trailer's backmost "driver's side tire failed or blew out, and the tread separated . . . ." The dislocated tread "struck the front driver's side of [Arceneaux's] vehicle."[2]  Ultimately, it "got caught under [Arceneaux's] vehicle, halting her in the middle of Interstate 10 causing severe injury to her knee which required surgery[.]"

Arceneaux filed suit against MVT, Gonzales, and American Trucking & Transportation Insurance Company Risk Retention Group (the tractor-trailer's insurer) in January 2020.  She claimed that Gonzales failed to properly maintain and control the tractor-trailer and that he otherwise operated it recklessly, carelessly, and inattentively.  She attributed the same conduct to MVT based on a *respondeat superior* theory and separately insisted that MVT failed to properly train and supervise Gonzales.

---

[1] The briefing identifies the "John Doe" driver as Wilson Gonzales.  But the record suggests that Arceneaux never served him and that he never appeared.  "[T]he failure to dispose of unserved, nonappearing defendants does not prevent a judgment from being final and appealable."  *Charles v. Atkinson*, 826 F.3d 841, 842 (5th Cir. 2016) (*per curiam*) ( internal quotation marks and citation omitted).

[2] A responding local police officer described the damage to the front of Arceneaux's vehicle as "minor."  And Arceneaux herself said that her car was drivable.

2

No. 21-30196

During the course of litigation, MVT produced repair and maintenance records for the tractor-trailer involved in the incident.[3] A repair order from March 18, 2019 (the date of the incident) describes a "blown" tire and attributes the cause to "Under Inflation." Another repair order indicates that the "RR" (presumably right rear) tire failed in February 2019 due to "tread separation." Yet another order indicates that MVT replaced the tractor-trailer's left rear tire on March 2, 2019 (two weeks before the incident). MVT also replaced the tractor-trailer's right rear tire in December 2018 (approximately three months before the incident).

Appellees jointly moved for summary judgment, arguing that Arceneaux failed to satisfy the requirements of Louisiana Civil Code Article 2317.1 because she did not show that the tire had a defect or that MVT or Gonzales knew, or should have known, of any defect. The district court granted the motion based on the first argument and dismissed the action following a hearing. It then entered a short order confirming its oral ruling. Arceneaux timely appealed.

## II. STANDARD OF REVIEW

Federal courts sitting in diversity must apply state substantive law and federal procedural law. *Erie R.R. v Tompkins*, 304 U.S. 64, 79-80, 658 S. Ct. 817, 823 (1938). This court reviews applications of state substantive law *de novo*. *Learmonth v. Sears, Roebuck & Co.*, 710 F.3d 249, 258 (5th Cir. 2013) (citation omitted).

---

[3] Six of the nine repair orders pertain to "rear tires." Most of those identify the relevant tire placement as first axle right, second axle left, and second axle right. But it is unclear whether the orders distinguish the left and right sides or the first and second axles by viewing the tractor-trailer from the front or the back.

No. 21-30196

"This court reviews a grant of summary judgment de novo, applying the same standard as the district court." *Renfroe v. Parker*, 974 F.3d 594, 599 (5th Cir. 2020) (citations omitted). Federal Rule of Civil Procedure 56(a) requires a court to enter summary judgment when the movant establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is *material* if it "might affect the outcome of the suit under the governing law . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). And a dispute is *genuine* "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 477 U.S. at 252, 106 S. Ct. at 2512. Moreover, "[s]ummary judgment is also proper if the party opposing the motion fails to establish an essential element of his case." *Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 516 (5th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552-53 (1986)). "Rather, the nonmovant must come forward with competent evidence, such as affidavits or depositions, to buttress his claims." *Id.* (citing *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552-53).

## III. DISCUSSION

Arceneaux articulates eleven issues for review. But, at base, all of those issues center on whether the district court erred by dismissing her negligence claims because she failed to create genuine issues of material fact.

Arceneaux frames the bulk of her claims as arising under Louisiana's general negligence statue, which provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. Code Ann. art. 2315(A). This statute focuses on an alleged tortfeasor's *conduct*. In that regard, Arceneaux attributes her injuries,

at least in part, to actions or omissions by MVT or Gonzales. But she also emphasizes that the "tractor–trailer tire which caused injury to [her] was due to 'under-inflation' of the tire." The only record evidence Arceneaux cites to support her arguments is the post-incident repair order discussing the tire. She cites *no evidence* suggesting that the conduct of any defendant contributed to her injuries.

Because Arceneaux heavily emphasizes the tire itself, Appellees insist that it, an allegedly defective *thing*, caused her claimed injuries. Negligence claims arising out of injuries caused by defective things implicate another statute that provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of *res ipsa loquitur* in an appropriate case.[4]

La. Civ. Code Ann. art. 2317.1. Thus, to recover for damages caused by a defective thing, a plaintiff must prove "(1) that the thing which caused the damage was in the defendant's custody or control, (2) that it had a vice or defect that presented an unreasonable risk of harm, (3) that the defendant

---

[4] A *defect* "is some flaw or fault or condition of relative permanence existing or inherent in the thing itself as one of its qualities.'" *McBride v. Cracker Barrel Stores, Inc.*, 649 So.2d 465, 467. (La. Ct. App. 1994) (citations omitted). A *ruin* is "'a building, a person, or other object that has tumbled down or fallen into decay.'" *Myers v. Dronet*, 801 So. 2d 1097, 1107 (La. Ct. App. 2001) (quoting Webster's New International Dictionary 1986 (3rd ed. 1961)). And a *vice*, "which is thought to be synonymous with 'defect,' is defined as "a physical imperfection, deformity[,] or taint.'" *Id.* (quoting Webster's Third at 2549).

knew or should have known of the vice or defect, (4) that the damage could have been prevented by the exercise of reasonable care, and (5) that the defendant failed to exercise such reasonable care. If the plaintiff fails to provide proof any one of these elements, his/her claim fails." *Riggs v. Opelousas Gen. Hosp. Tr. Auth.*, 997 So. 2d 814, 817 (La. Ct. App. 2008).

Despite the parties' disagreement as to the statutory basis of Arceneaux's claims, "'[t]here is essentially no difference between [article 2315 and 2317.1 claims] under Louisiana law[.]'" *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 616 n.12 (5th Cir. 2018) (quoting *Bd. of Comm'rs of Se. La. Flood Prot. Auth.-E. v. Tenn. Gas Pipeline Co., L.L.C.*, 850 F.3d 714, 729 (5th Cir.), *cert. denied sub nom. Bd. of Comm'rs of the Se. La. Flood Prot. Auth. v. Tenn. Gas Pipeline Co., L.L.C.*, 138 S. Ct. 420 (2017) (alterations in original)). Arceneaux must make the same showing irrespective of whether the tire itself, the conduct of MVT or Gonzales, or a combination of the two caused her injuries. She has failed to sustain her burden on the second and third elements listed above.

## A.

Arceneaux has not raised a genuine dispute of material fact as to whether the tractor trailer's tire had a defect that presented an unreasonable risk of harm.

At the conclusion of the summary judgment hearing, the district court surmised that "all I have is one piece of paper, really, that says 'underinflation.' There's no [admissible evidence], nothing to explain what that means or how it was arrived at that or whatever." The district court further explained that "[t]here is a scintilla of evidence in this repair order, but I don't think that's enough to prevent a motion for summary judgment." To avoid summary judgment, the district court wanted Arceneaux to provide

No. 21-30196

"something, even the mechanic or an expert or something, something more than this one piece of paper[.]"

Arceneaux contends that the district court improperly weighed the evidence and that MVT's maintenance records conclusively reveal that the tire's "underinflation" was the cause-in-fact of the blow-out and subsequent incident.[5]   She describes the maintenance records as "substantial and significant" evidence that raise genuine disputes of material fact regarding her claims.   But Arceneaux necessarily relies on one repair order that a roadside mechanic prepared after arriving on the scene to replace the tire.

The post-incident repair order raised a potential issue as to whether the tire was defective because of "underinflation."   But even assuming the underinflation made the tire dangerously defective, there is no evidence to suggest what or who caused the underinflation.   A variety of external objects and circumstances or internal defects could cause underinflation.   Arceneaux even concedes that some unknown object may have punctured the tire.   She also conceded to the district court that the repair order does not explain *how* or *why* the mechanic deduced the cause of the tire's failure.   Leaving aside the question of expert testimony (of which there was none), Arceneaux did not even offer *any* admissible evidence regarding the tire's failure or surrounding circumstances.[6]   Indeed, the district court emphasized that she

---

[5] She also maintains that negligence claims are generally not appropriately resolved at the summary judgment stage.  This court, however, routinely affirms summary judgment rulings in favor of defendants when plaintiffs bring claims under  article 2317.1.  *See Jones v. Family Dollar Stores of La., Inc.*, 746 F. App'x 348, 353-54 (5th Cir. 2018); *Luna v. PNK Lake Charles, L.L.C.*, 725 F. App'x. 297, 299-301 (5th Cir. 2018); *Dawson v. Rocktenn Servs., Inc.*, 674 F. App'x 335, 339-42 (5th Cir. 2016); *Cormier v. Dolgencorp, Inc.*, 136 F. App'x 627, 627-28 (5th Cir. 2005); *Fruge ex rel. Fruge v. Parker Drilling Co.*, 337 F.3d 558, 565 (5th Cir. 2003).

[6] Arceneaux cites *Woods v. Morris H. Weinstein, L.L.C.*, 298 So. 3d 873 (La. Ct. App. 2020) several times for the proposition that her claims should survive summary

No. 21-30196

could have deposed the mechanic who produced the repair order or obtained an affidavit explaining his notation. She could have also deposed or obtained affidavits from the responding police officer, the mechanic(s) who previously serviced the tractor trailer, or Gonzales himself. Finally, while the record contains three post-incident pictures of the tire, Arceneaux did not ascertain its age, mileage, or provenance. The post-incident repair order alone was insufficient to establish the tire's "vice or defect" that made it unreasonably dangerous.

**B.**

Even if Arceneaux *did* raise a genuine dispute of material fact as to whether the tire was defective, she still fails to raise a genuine dispute of material fact as to whether MVT or Gonzales knew, or should have known, of any such defect.

Because Arceneaux offers no evidence suggesting that MVT or Gonzales actually knew the tractor trailer's tire was underinflated, she must establish that they had constructive knowledge. Constructive knowledge exists "if the conditions that caused the injury existed for such a period of time that [the owner or custodian of a thing], by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury." *Tsegaye v. City of New Orleans*, 183 So. 3d 705, 718 (La. Ct. App. 2015), *writ denied*, 188 So. 3d 1064 (citing *Boutin v. Roman Catholic Church of the Diocese of Baton Rouge*, 164 So. 3d 243, 246-47 (La. Ct. App. 2014), *writ denied*, 159 So 3d 469)).

---

judgment. But the *Woods* court considered extensive affidavit and deposition testimony in determining that a genuine issue of material fact existed as to whether an object that hit the plaintiffs' vehicle came from the defendants' trailer. 298 So. 3d at 878-80. The *Woods* decision demonstrates the kind of evidence that Arceneaux could have offered to avoid summary judgment.

No. 21-30196

But Arceneaux also offers no evidence as to whether MVT or Gonzales could have reasonably discovered any alleged defect in the tractor trailer's tire. She did not depose or obtain an affidavit from anyone regarding the nature or frequency of any inspections performed on the tire at issue, much less on best practices for maintenance of heavy truck tires. With respect to maintenance, the sporadic and terse repair records in the record indicate that MVT had recently replaced the tractor-trailer's rear tires before the incident occurred. Those records imply, if anything, that MVT was attending to the need for proper and properly inflated tires. In sum, there is no genuine dispute of material fact as to whether MVT or Gonzales knew, or should have known, of any alleged defect in the tire.[7]

## C.

Arceneaux's final argument relies on the doctrine of *res ipsa loquitur*, which was not pled but to which she devoted two paragraphs arguing in her response to the motion for summary judgment. She barely acknowledged the theory during the summary judgment hearing. Given this cursory treatment, the district court understandably did not address the theory. Nonetheless, the theory is plainly inapposite here.

Louisiana courts apply this doctrine of circumstantial evidence, allowing an inference of negligence, when:

- o *First*, the injury is the kind which ordinarily does not occur in the absence of negligence;
- o *Second*, the evidence must sufficiently eliminate other more probable causes of the injury, such as the conduct of the plaintiff or a third person; and

---

[7] This lack of evidence also dooms, for summary judgment purposes, her claims about the Appellees' alleged negligence in maintaining the tractor-trailer or tire at issue.

No. 21-30196

- *Third*, the negligence of the defendant must fall within the scope of his duty to the plaintiff.

*Linnear v. CenterPoint Energy Entex/Reliant Energy*, 966 So. 2d 36, 44 (La. 2007); *see also* RESTATEMENT (SECOND) OF TORTS § 328D (Am. Law Inst. 1965).

On these facts, Arceneaux cannot show that tire blowouts do not ordinarily occur in the absence of negligence, because "[t]here are numberless means or causes other than a defect in the manufacture, which bring about a blow out of a tire." *Williams v. U.S. Royal Tires*, 101 So. 2d 488, 492 (La. App. 1958). Arceneaux attempts to analogize a case where the plaintiff "was following a tractor-trailer rig when suddenly the rear axles of the trailer separated from the chassis, striking the [plaintiff's] vehicle. *Gautreaux v. W. W. Rowland Trucking Co., Inc.*, 757 So. 2d 87, 89 (La. Ct. App. 2000). The *Gautreaux* court did apply *res ipsa loquitur. Id.* at 93. But Arceneaux offers no evidence suggesting that a failed tire is anywhere near as unusual as axles separating from a vehicle's chassis. Arceneaux fails to confront the workaday nature of tire failure, the opposite of this component of *res ipsa loquitur.*

Further, she cannot and has not attempted to eliminate other potential causes of the injury, as required by the second element. "Application of the doctrine is defeated if an inference that the accident was due to a cause other than defendant's negligence could be drawn as reasonably as one that it was due to his negligence." *Montgomery v. Opelousas Gen. Hosp.*, 540 So. 2d 312, 320 (La. 1989). By conceding that an open question remains as to whether "an object was struck in the road causing the tire to blowout," Arceneaux

10

No. 21-30196

fails to sufficiently eliminate other more probable causes of the injury.[8] There is no basis in the record to "sparingly appl[y]" *res ipsa loquitur*. *Spott v. Otis Elevator Co.*, 601 So. 2d 1355, 1362 (La. 1992) (citing *Day v. National U.S. Radiator Corp.*, 128 So. 2d 660, 665 (La. 1961)).

The judgment of the district court is AFFIRMED.

---

[8] She also appears to suggest that the incident occurred in a construction zone, but that fact, if true, only increases the possibility that an external object contributed to the tire's failure.